■ BEN McNEIL, Respondent, v PETER TOMLIN et al., Defendants, and SUSANNE OXILD, Appellant. — In a negligence action to recover damages for personal injuries, defendant Susanne Oxild appeals from an order of the Supreme Court, Suffolk County (Canudo, J.), dated July 3, 1980, which, after a hearing, denied her motion pursuant to CPLR 3211 (subd [a], par 8) to dismiss the complaint for lack of personal jurisdiction. Order affirmed, without costs or disbursements. On or about February 4, 1977, plaintiff and the defendants were involved in a motor vehicle collision at the intersection of Lincoln Boulevard and Express Drive North in Hauppauge, New York, as a result of which the plaintiff allegedly sustained serious physical injuries. At that time, defendant-appellant (Ms. Oxild) was residing at 61 East Halley Lane in Central Islip, New York, and reported that address to the police officer who responded to the scene of the collision. Ms. Oxild also listed 61 East Halley Lane as her residence on the MV-104 (accident report) which she filed with the New York State Department of Motor Vehicles shortly after the accident. Subsequently, on July 28, 1977, plaintiff attempted to serve Ms. Oxild at the foregoing address, but was informed by his process server that the appellant had moved. Apparently nothing further was done at that time in terms of locating the appellant, but in January of 1980, the plaintiff ordered that a search be made of the records of the New York State Department of Motor Vehicles in Albany. He thereupon discovered (1) that Ms. Oxild was the holder of a valid New York State driver's license which listed her address as 14 Crescent Place, Smithtown, New York, and (2) that she was the former holder of a New York State motor vehicle registration for a 1969 Chevrolet sedan, which had expired on September 30, 1979 and which also listed her address as 14 Crescent Place in Smithtown. The license, which had originally been issued in 1974, had been renewed once in 1978 (i.e., after the accident), and was due to expire in 1982. Armed with this new information, the plaintiff again dispatched his process server and, on January 22, 1980, he purported to serve the appellant pursuant to CPLR 308 (subd 2) by leaving a copy of the summons and complaint with the appellant's mother at 14 Crescent Place in Smithtown and by mailing a copy to the appellant at the same address. The appellant answered on or about March 13, 1980, asserting, *inter alia,* the lack of personal jurisdiction and, on April 11, 1980, moved to dismiss the complaint on the ground that she did not reside at 14 Crescent Place on January 22, 1980, and that she had ceased to reside there in 1978. Accordingly, Ms. Oxild argued, the service upon her was defective. The statute provides, in pertinent part, that "Personal service upon a natural person shall be made * * * by delivering the summons within the state to a person of suitable age and discretion at the actual * * * dwelling place or usual place of abode of the person to be served and by mailing the summons to the person to be served at his last known residence" (CPLR 308, subd 2). Following a traverse hearing at which the appellant was the only witness, Special Term denied the motion. We affirm. In our view, Special Term correctly concluded that appellant is estopped from contesting the validity of the service upon her at her parents' home in Smithtown on the ground that the foregoing was neither her "actual * * * dwelling place or usual place of abode" on the date of the attempted service. Not only did Ms. Oxild fail to inform the Commissioner of Motor Vehicles of any change of address when she moved, *inter alia,* from her parents' home, as required by subdivision 5 of section 505 of the Vehicle and Traffic Law, but

upon renewal of her operator's license in 1978, she affirmatively represented her address to be 14 Crescent Place, Smithtown, New York, the address at which service was effected (cf. *Feinstein v Bergner,* 48 NY2d 234; *Cohen v Arista Truck Renting Corp.,* 70 Misc 2d 729). Lazer, J. P., Gibbons, Gulotta and Cohalan, JJ., concur.