■ EDWARD KRAMER et al., Respondents, v RYDER TRUCK RENTAL, INC., et al., Defendants, and RONALD D. ACHUFF et al., Appellants.—In a negligence action to recover damages for personal injuries, etc., Ronald D. Achuff and Norad Sales, Ltd. appeal from an order of the Supreme Court, Kings County (Held, J.), dated October 3, 1983, which, after a traverse hearing, granted plaintiffs leave to enter a default judgment against Ronald D. Achuff with respect to liability, and directed that the issue of damages be tried jointly with the action as to the remaining defendants.

Order affirmed, with costs.

In April 1980, defendant Achuff moved from 74 Fredericka, North Tonawanda, New York, to 224 Normal Avenue, Buffalo, New York. Contrary to Vehicle and Traffic Law § 505 (5), he failed to notify the Commissioner of Motor Vehicles of his change of residence and failed to note such change on his driver's license. On April 15, 1981, Mr. Achuff was operating a

vehicle in Connecticut owned by defendant Norad Sales, Ltd. of Ohio, when he struck, in the rear, the vehicle in which plaintiff Edward Kramer was a passenger, causing it to strike the vehicle in front of it. Mr. Achuff showed his driver's license to the State trooper who appeared at the scene, and did not tell him or anyone else at the scene that the address noted thereon was incorrect. Plaintiffs commenced the instant action in the Supreme Court, Kings County, and listed the address of defendant Achuff on the summons as 74 Fredericka, North Tonawanda, New York. Plaintiffs' counsel forwarded the summons and complaint to the Sheriff's office of Erie County for service at that address. The affidavit of service by the deputy sheriff stated that delivery of these papers to Mr. Achuff was attempted at 74 Fredericka, North Tonawanda, without success, on April 23, May 3 and May 4, 1982, and that on the latter date he affixed a copy thereof to Mr. Achuff's door and mailed the papers to Mr. Achuff at that address, which was "his last known residence address".

Mr. Achuff did not appear, and by notice of motion dated January 17, 1983, plaintiffs moved for leave to enter a default judgment against him for nonappearance, and for a severance of the action as to the remaining defendants. Counsel for Mr. Achuff's employer, Norad Sales (who had appeared on its own behalf), while not appearing for Mr. Achuff, opposed the motion on the ground that plaintiffs failed to exercise due diligence in attempting to ascertain where Mr. Achuff was residing. Special Term ordered that the motion be held in abeyance pending a hearing to determine the validity of service upon Mr. Achuff, and stated that "[i]f service is deemed to have been properly effected, the court will grant entry of judgment against Ronald D. Achuff with the amount of damages to be held in abeyance".

Mr. Achuff appeared at the ensuing hearing held on August 31, 1983. He testified as to his moving from North Tonawanda to Buffalo in April 1980, and that in May 1981 (a year before the "nail and mail" service made in North Tonawanda) he had moved from Buffalo to Smyrna, Delaware, where he was still residing at the time of the hearing. He added that he had contemporaneously advised Norad Sales of his new address when he moved from North Tonawanda to Buffalo in April 1980.

Special Term's decision was to the effect that since Mr. Achuff did not comply with Vehicle and Traffic Law § 505 (5), he was estopped from asserting that plaintiffs had failed to act with due diligence in ascertaining where he resided at the

time of service, and pursuant to the provisions of the order granting a hearing, judgment by default as to liability was granted to plaintiffs against Mr. Achuff.

We agree with Special Term's determination. Under the circumstances, Mr. Achuff's proffering of his driver's license containing an incorrect address and failure to advise the State trooper and the operators of the other two vehicles involved in the accident that his driver's license did not show his true address constituted an affirmative misrepresentation thereof (*see, McNeil v Tomlin,* 82 AD2d 825). It would be unrealistic to expect the State trooper or the operators of the other vehicles to inquire whether the address shown on the license was incorrect. It ill becomes a party who violated the statutory requirements, both as to prompt notification to the Commissioner of Motor Vehicles of his change of address and notation thereof on his driver's license, and who made a misrepresentation at the accident scene by proffering his license with the wrong address, to argue that if plaintiffs' process server had been more diligent, he would have learned his true address. We note that appellants do not claim that plaintiffs' counsel mailed the summons and complaint to the office of the Sheriff of Erie County with knowledge of the fact that Mr. Achuff no longer lived at the address listed on his driver's license. Gibbons, J. P., Bracken, Brown and O'Connor, JJ., concur.