■ LORE HILL, Appellant, v A. D. ROBERT JONES, Respondent.—In a negligence action to recover damages for personal injuries, plaintiff appeals from (1) a decision of the Supreme Court, Westchester County (Nastasi, J.), dated October 23, 1984, and (2) an order of the same court, dated November 16, 1984, which dismissed her complaint for lack of personal jurisdiction.

Appeal from the decision dismissed. No appeal lies from a decision.

Order reversed, and defendant's motion to dismiss the complaint denied.

Plaintiff is awarded one bill of costs.

On February 23, 1981 the parties were involved in a motor vehicle accident. At that time, the defendant produced his

driver's license and vehicle registration, which documents indicated that he resided at 6 Maple Street, Washingtonville, New York. In addition, defendant reported the same address to his insurance carrier. According to the affidavit and testimony of the plaintiff's process server, he went to the Maple Street address on three different occasions and, on the third occasion, affixed the summons and complaint to the door of the premises. Thereafter, the process server mailed a copy of the papers to the defendant at that address. Following the interposition of an answer, defendant moved to dismiss the complaint on the ground, *inter alia,* of lack of personal jurisdiction. The motion was premised upon the fact that 6 Maple Street was not the actual residence of the defendant.

The record before us shows that defendant did not reside at said address. Following a traverse hearing, Special Term granted the defendant's motion holding that "the requirement of the usual abode or usual place of abode has not been established or proven by Plaintiff that that was indeed the usual abode of the defendant". We reverse. Because of his conduct in providing everyone concerned with a false address, defendant may not contest the validity of the service upon him at the Maple Street premises. Stated otherwise, defendant may not benefit from his own misrepresentation and he is estopped from contesting the validity of the service upon him. Defendant will not be heard to complain about the manner of service made at the address which he used on his own license and vehicle registration. Moreover, even if we were to give defendant the benefit of assuming that the 6 Maple Street address was not fraudulent but was his proper address at one time, the fact remains that defendant was in violation of Vehicle and Traffic Law § 505 (5) when he failed to timely notify the proper authorities of his change of address and plaintiff had the right to rely upon the address given by defendant *(see, Kramer v Ryder Truck Rental,* 112 AD2d 194). Lazer, J. P., O'connor, Weinstein and Niehoff, JJ., concur.