■ THERESA TREUTLEIN, Appellant, v ISIDRO GUTIERREZ, Respondent, et al., Defendant.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Orange County (Isseks, J.), entered November 14, 1985, which, after a hearing on the defendant Isidro Gutierrez's application to dismiss the complaint based on his affirmative defense of lack of personal jurisdiction, dismissed the complaint as against him.

Ordered that the judgment is reversed, with costs, the application is denied, the defendant Isidro Gutierrez's affirmative defense of lack of personal jurisdiction is dismissed, and the complaint is reinstated as against him.

On September 22, 1982, the parties were involved in a motor vehicle accident. At that time, the defendant Isidro Gutierrez presented his driver's license to a State Trooper, which license set forth an address from which he had moved over four months prior thereto.

The plaintiff's process server, after several visits to the address noted on the driver's license, affixed the summons and complaint to the door of the premises and, thereafter, a copy of the papers were mailed to that address.

We find that the respondent's presentment at the scene of the accident of a driver's license with an incorrect address constituted an affirmative act of misrepresentation and was in violation of Vehicle and Traffic Law § 505 (5). Based upon that act, the respondent is estopped from contesting the validity of the service of process upon him at the address noted on his

license and the due diligence of the plaintiff in ascertaining his correct actual dwelling place or usual place of abode *(see, Hill v Jones,* 113 AD2d 874; *Kramer v Ryder Truck Rental,* 112 AD2d 194). Therefore, the service of process was proper, and the respondent's affirmative defense of lack of personal jurisdiction should have been dismissed. Lawrence, J. P., Weinstein, Kunzeman and Kooper, JJ., concur.