■ GERALD W. HARRINGTON et al., Appellants, v LAEL B. DICKINSON, Respondent.—Weiss, J. Appeal from an order of the Supreme Court (Brown, J.), entered February 7, 1989 in Schenectady County, which, inter alia, granted defendant's motion to dismiss the complaint for lack of personal jurisdiction.

In this action to recover damages for personal injuries arising out of an April 25, 1985 auto accident in Schenectady County, plaintiffs appeal from an order of Supreme Court which (1) granted defendant's motion to dismiss the complaint

for lack of personal jurisdiction, (2) denied plaintiffs' cross motion to declare service of process made July 9, 1988 good and sufficient, and (3) granted defendant's motion to dismiss as time barred the second action in which process was served July 9, 1988.

Plaintiffs' problems in this case originated with purported personal service of the summons and complaint upon defendant by Gerald La Duke on February 27, 1987 at 1271 Parkwood Boulevard in the City of Schenectady, which was the address shown on defendant's driver's license at the time of the accident and presented by her to plaintiffs and the police. Defendant was the owner of those premises from January 1982 until December 1985. She lived in the downstairs flat from January 1982 until midyear 1984, at which time she rented the flat to Peter Papp. Prior to renting her flat to Papp, defendant moved to Albany County. At the time of the service in this case at the Schenectady address, defendant was residing in Denver, Colorado. Plaintiffs' attorney mailed a copy of the summons and complaint to defendant's insurance carrier, as a result of which an answer was served on or about August 26, 1987 containing an affirmative defense of lack of personal jurisdiction over defendant. On June 27, 1988, defendant moved to dismiss on jurisdictional grounds, prompting plaintiffs' attorney to personally serve defendant in Saratoga County with a second summons and complaint on July 9, 1988 and cross-move the same day for an order declaring that service to be good and sufficient pursuant to CPLR 207 and 308. By order to show cause dated July 15, 1988, defendant moved pursuant to CPLR 3211 (a) (5) for an order of dismissal on the ground that the second action was time barred. Following a traverse hearing, Supreme Court granted defendant's motion to dismiss, from which plaintiffs have appealed. We reverse.

Because of defendant's conduct, everyone concerned with the accident was provided with a false residential address for defendant (see, Lavery v Lopez, 131 AD2d 820). As a result of this conduct, defendant is estopped from contesting the validity of service upon her made at such address (see, Hill v Jones, 113 AD2d 874; Kramer v Ryder Truck Rental, 112 AD2d 194). It matters not that defendant's failure to correct her address may have been an oversight; the prompt correction of the address is required by Vehicle and Traffic Law § 505 (5). Plaintiffs had the right to rely upon the address affirmatively given by defendant (see, Hill v Jones, supra, at 875) and defendant is estopped from contesting the propriety of service

at the incorrect address *(see, Anello v Barry,* 149 AD2d 640, 641; *Treutlein v Gutierrez,* 129 AD2d 791). We find it unnecessary to reach defendant's remaining contentions.

Order reversed, on the law, with costs, and motion to dismiss complaint denied. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.