ROBERT MARSH, Respondent, v DAVID PHILLIPS et al., Defendants, and JOSEPH STASIO et al., Appellants. (Appeal No. 1.)—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Defendants appeal from orders denying their respective motions to dismiss the complaint in plaintiff's action to recover for personal injuries. All defendants contend that, because two years earlier the action had been dismissed on default for plaintiff's failure to serve a complaint pursuant to defendants' demand, and because plaintiff had failed to move to vacate the default, recommencement of the action was barred by the Statute of Limitations (CPLR 205 [a]), and by principles of res judicata. Additionally, defendant Joseph Stasio contends that the complaint must be dismissed against him for lack of personal jurisdiction.

Service upon Joseph Stasio was ineffective. In support of his claim of lack of personal jurisdiction, Joseph Stasio presented his affidavit and those of his mother and father. All three unequivocally averred that Joseph no longer resided at 226 Wilmington at the time plaintiff attempted to serve him there. The affidavit of plaintiff's attorney, who averred that his check of motor vehicle records revealed that Stasio continued to list his address as 226 Wilmington, failed to raise a question of fact concerning Stasio's actual residence at the time of service. Joseph Stasio is not estopped from raising the defect in service

as a defense. He did not engage in conduct calculated to prevent plaintiff from learning his new address; he merely neglected to contact authorities to inform them of his change of address. "Since potential defendants ordinarily have no affirmative duty to keep those who might sue them abreast of their whereabouts" *(Feinstein v Bergner,* 48 NY2d 234, 241-242), there is no basis upon which to invoke an estoppel against Joseph Stasio.

Addressing the contentions of the remaining defendants, we find that plaintiff properly and timely commenced the action. Unless it is "on the merits", an order of dismissal has preclusive effect only on the issue actually decided. The only issue actually decided by the prior order is that plaintiff failed to serve a complaint within 20 days of the demand. There is no basis for giving that limited determination general preclusive effect. It does not matter that the prior dismissal was entered on default and that plaintiff failed to move to vacate that default pursuant to CPLR 5015. Where the prior dismissal lacked preclusive effect, plaintiff did not have to move to vacate that default in order to recommence the action.

Similarly, there is no merit to defendants' contention that the action is barred by the Statute of Limitations. CPLR 205 (a) does not establish an exclusive limitations period, but rather an alternative one. Where an action has been recommenced within the time allowed by the Statute of Limitations, the newly commenced action is not rendered untimely merely because six months have passed since the previous dismissal or because, as here, the six-month extension is not available. (Appeal from order of Supreme Court, Erie County, Fudeman, J.—summary judgment.) Present—Dillon, P. J., Denman, Pine, Lawton and Davis, JJ.