■ BOBBIE J. SHERRILL, Respondent, v CAROLYN PETTIFORD et al., Respondents, and SYBIL M. MARSDEN, Appellant.—In an action to recover damages for personal injuries sustained in a motor vehicle accident, the defendant Sybil Marsden appeals from an order of the Supreme Court, Kings County (G. Aronin, J.), dated August 14, 1989, which, after a hearing, denied her motion to dismiss the complaint and all cross claims asserted against her.

Ordered that the order is affirmed, with costs to the plaintiff-respondent.

On August 18, 1983, the plaintiff Bobbie Sherrill was injured in a motor vehicle accident involving the defendant, Sybil Marsden. At that time, Marsden presented her driver's

license which set forth her correct address of 33 Oak Street, White Plains, New York. On June 16, 1986, the plaintiff's process server, after several visits to this address, affixed the summons and complaint to the door of the premises and, thereafter, a copy of the papers were mailed to her at that address. Two police accident reports list Marsden's address as 33 Oak Street, as does the MV 104 form.

In her answer of August 11, 1986, Marsden set forth several affirmative defenses including a lack of personal jurisdiction, and, at her deposition of January 7, 1988, Marsden revealed, for the first time, that although she lived at 33 Oak Street at the time of the accident, she had been living in Florida for the past year. She admittedly received the summons and complaint on June 28, 1986, after it was forwarded to her in Florida by the post office but did nothing until October 31, 1986, when she tendered her New York driver's license to the Florida authorities. On appeal, Marsden contends that substituted service under CPLR 308 (4) was improper, as the summons and complaint had not been affixed to her actual residence or abode. We disagree.

Vehicle and Traffic Law § 505 (5) requires that every motor vehicle licensee notify the Commissioner of Motor Vehicles of any change of residence within 10 days of the occurrence of this change. A party who fails to comply with this provision will be estopped from challenging the propriety of service which is made to the former address (see, *Anello v Barry,* 149 AD2d 640). In this case, Marsden admittedly failed to comply with this statutory mandate and only surrendered her New York State driver's license to Florida authorities following the expiration of the Statute of Limitations in the underlying negligence action. Marsden is estopped from raising a claim of defective service because she engaged in conduct designed to conceal her new address (see, *Feinstein v Bergner,* 48 NY2d 234, 241; *Lavery v Lopez,* 131 AD2d 820; *Treutlein v Gutierrez,* 129 AD2d 791; *Anello v Barry, supra; Hill v Jones,* 113 AD2d 874; *Kramer v Ryder Truck Rental,* 112 AD2d 194, 196; *McNeil v Tomlin,* 82 AD2d 825). Bracken, J. P., Kooper, Lawrence, Balletta and O'Brien, JJ., concur.