■ BETTY DANIELS et al., Respondents, v DENNIS J. FARRELL, Appellant. [628 NYS2d 780] —In an action to recover damages, *inter alia,* for personal injuries, the defendant appeals from an

order of the Supreme Court, Queens County (Golar, J.), dated March 9, 1994, which denied his motion to dismiss the complaint for lack of personal jurisdiction.

Ordered that the order is affirmed, with costs.

The defendant is estopped from contesting the validity of service of process at the address on his driver's license, which he gave to the plaintiff Betty Daniels at the scene of the accident (see, Lavery v Lopez, 131 AD2d 820; Treutlein v Gutierrez, 129 AD2d 791-792; Hill v Jones, 113 AD2d 874).

Furthermore, the defendant did not timely raise before the Supreme Court his contention that the plaintiffs failed to attempt to serve him pursuant to CPLR 308 (1) or (2) before serving him pursuant to CPLR 308 (4). Thus, the defendant's contention that the plaintiffs failed to exercise due diligence is unpreserved for appellate review. Balletta, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.