■ Lois GARDNER, Appellant, v PATRICIA TULLY et al., Respondents. [643 NYS2d 204] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Molloy, J.), entered June 14, 1995, which granted the defendants' motion to vacate a judgment of the same court, entered September 14, 1994, upon their default in answering the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the judgment entered September 14, 1994, in favor of the plaintiff is reinstated.

The plaintiff was involved in an accident on February 25,

1991, with an automobile operated by the defendant Philip R. Tully and owned by his wife Patricia Tully. The police officer at the accident scene used the driver's license and registration presented by the defendant Philip R. Tully to prepare an accident report which set forth a Bethpage address for the defendants, even though they had moved to Huntington Station some 10 months before the accident. Finding herself unable to serve the defendants in Bethpage, the plaintiff requested information from the Department of Motor Vehicles, whose documentation showed the defendants' residence to be in Bellmore. In fact, however, only the defendant's father, named Philip Tully, lived at the Bellmore address. After verifying the defendants' residence with a Bellmore neighbor, the plaintiff's process server served process by means of the affix and mail method set forth in CPLR 308 (4). The plaintiff's subsequent motion for leave to enter a default judgment was served upon the defendants by certified mail at that location, and a signed receipt was given to the postal delivery person. When the defendants failed to answer or oppose the plaintiff's motion, an inquest was held and the plaintiff entered a default judgment. Thereafter, the defendants moved to vacate the default, and their application was granted by the Supreme Court.

It is well settled that where, as here, a defendant has knowingly displayed an incorrect address to a plaintiff and the police at the scene of a motor vehicle accident, he is thereafter estopped from contesting jurisdiction and from challenging the diligence of the plaintiff's process server in ascertaining the defendant's correct address (*see, e.g., Anello v Barry,* 149 AD2d 640; *Lavery v Lopez,* 131 AD2d 820; *Treutlein v Gutierrez,* 129 AD2d 791; *Hill v Jones,* 113 AD2d 874). This is particularly so where a defendant has failed to keep the Department of Motor Vehicles apprised of any change of address, as required by Vehicle and Traffic Law § 505 (5), with the result that the plaintiff's process server is misdirected in his or her efforts to locate and serve the defendant (*McNeil v Tomlin,* 82 AD2d 825; *see also, Harrington v Dickinson,* 159 AD2d 876; *Kramer v Ryder Truck Rental,* 112 AD2d 194). Accordingly, the order appealed from is reversed and the motion to vacate the default judgment is denied. Bracken, J. P., Thompson, Krausman and Goldstein, JJ., concur.