■ Jennifer E. Seiler, Respondent, v Ricci's Towing Services, Inc., et al., Appellants. [643 NYS2d 789] —Order unanimously reversed on the law without costs, cross motion denied, motion granted and complaint dismissed. Memorandum: Plaintiff and Timothy Guilford (defendant) were involved in a

motor vehicle accident on October 4, 1990. Although defendant was then living at 4940 Lake Road in the Town of Avon, his license indicated that he lived at 8085 West Henrietta Road in the Town of Rush and that was the address used by the police on the accident report. Defendant had lived at the West Henrietta Road address before the accident, but had moved to Lake Road without informing the Commissioner of Motor Vehicles. About two years after the accident, defendant moved from Lake Road to 65 Picture Book Trailer Park in the Town of West Bloomfield. On May 3, 1993, 31 months after the accident, plaintiff's process server attempted to serve a summons and complaint upon defendant at the West Henrietta Road address by affixing a copy of the summons and complaint to the door of the house and mailing copies to the same address, pursuant to CPLR 308 (4). Supreme Court denied the motion of defendant to dismiss the complaint based upon his affirmative defenses of lack of personal jurisdiction and expiration of the Statute of Limitations and granted the cross motion of plaintiff to strike those affirmative defenses. We reverse. ·

We have held that a defendant is not estopped from raising defective service as a defense where he did not engage in conduct calculated to prevent plaintiff from learning his new address, even where he "neglected to contact authorities to inform them of his change of address. 'Since potential defendants ordinarily have no affirmative duty to keep those who might sue them abreast of their whereabouts' (*Feinstein v Bergner,* 48 NY2d 234, 241-242), there is no basis upon which to invoke an estoppel" (*Marsh v Phillips,* 167 AD2d 905, 906). The Second Department cases relied upon by defendant (*see, Sherrill v Pettiford,* 172 AD2d 512; *Anello v Barry,* 149 AD2d 640; *Lavery v Lopez,* 131 AD2d 820; *Hill v Jones,* 113 AD2d 874; *Kramer v Ryder Truck Rental,* 112 AD2d 194) are not controlling and, in any event, are inapposite. Here, there is nothing in the record to indicate that defendant had not advised the Commissioner of Motor Vehicles of his new address at 65 Picture Book Trailer Park prior to the date of attempted service. Further, at the time that service was attempted, defendant was no longer at the Lake Road address where he was living at the time of the accident. Therefore, even if the correct address had been listed on defendant's license, that address would not have been current when service was attempted.

For the same reason, the case of *Squire v Greenberg* (173 AD2d 362) relied upon by the court does not compel a different result. Further, plaintiff there attempted service pursuant to Vehicle and Traffic Law § 253, rather than pursuant to CPLR

308 (4). (Appeal from Order of Supreme Court, Monroe County, Siracuse, J.—Dismiss Complaint.) Present—Green, J. P., Fallon, Wesley, Davis and Boehm, JJ.