OPINION OF THE COURT
Bernard S. Greenbaum, J.
This subrogation action was commenced to recover damages arising from a motor vehicle accident which occurred on October 31, 1994.
The matter proceeded to inquest and the defendant now moves to vacate the default judgment entered against him alleging that he was improperly served with the summons and complaint.
A traverse hearing was conducted before this court on January 22,1997. Based upon the credible evidence adduced thereat, *961 this court makes the following findings of fact and conclusions of law.
The traverse is denied, the motion to vacate the default judgment is denied, and such judgment remains in full force and effect.
The defendant was served by substituted service at 90-10 34th Avenue, Jackson Heights, New York, on August 1, 1995. The defendant contends, however, that such service was improper as he had not lived at that address since April 1994.
The testimony and exhibits establish that the summons and complaint was served at the address listed on the defendant’s driver’s license which was presented at the time of the motor vehicle accident. Such address was incorporated into the police report prepared at the accident scene.
It does appear that the defendant had moved from the designated address prior to the accident. However, the fact that service was not made at his actual address does not, in and of itself, warrant a finding in his favor.
The evidence established to this court’s satisfaction that the defendant did not comply with Vehicle and Traffic Law § 505 (5) which states as follows: "Change of address. It shall be the duty of every licensee to notify the commissioner [of the Department of Motor Vehicles] in writing of any change of residence of such licensee within ten days after such change occurs and to make a notation of such change of residence on such license in the place provided by the commissioner.”
The defendant’s failure to notify or to make a notation, indeed, his failure to tender the correct address to the investigating police officer, constitutes an estoppel which prevents the defendant from subsequently claiming improper service based upon the wrong address (see, Hill v Jones, 113 AD2d 874). Therefore, this court finds that service was properly effected at the defendant’s former address.
Accordingly, the traverse is denied, the motion to vacate the default judgment is denied, and such judgment remains in full force and effect.