■ PETER BAJIC et al., Appellants, v JULIANA E. K. TWEEDY, Respondent. [664 NYS2d 129] —In an action to recover damages

for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Lonschein, J.), dated January 7, 1997, which granted the defendant's motion to dismiss the complaint for lack of personal jurisdiction pursuant to CPLR 3211 (a) (5).

Ordered that the order is affirmed, with costs.

The plaintiffs' process server attempted to effectuate personal service on the defendant pursuant to CPLR 308 (4) by affixing the summons to the door of a residence listed on the death certificate of the defendant's decedent, Harold B. Tweedy, as the defendant's mailing address, and mailing the summons to the defendant at that address. On appeal, the plaintiffs contend that the defendant should be estopped from challenging the propriety of service, in light of the fact that the defendant provided the information contained in the death certificate. However, because the mailing address which appeared on the death certificate was not a reliable indicator of the defendant's current residence, no basis exists for estopping the defendant from challenging the propriety of the service (*cf., Daniels v Farrell,* 216 AD2d 513; *Sherrill v Pettiford,* 172 AD2d 512; *Anello v Barry,* 149 AD2d 640). Bracken, J. P., Pizzuto, Altman and Krausman, JJ., concur.