■ GEORGE BILLIS, Respondent, v ROCCO A. MARTZ, Appellant. [684 NYS2d 883] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Lonschein, J.), dated November 20, 1997, which, after a hearing, denied its motion to dismiss the complaint on the ground that the plaintiff failed to properly serve the summons and complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court properly determined that the plaintiff's process server established due diligence in attempting to serve the defendant pursuant to CPLR 308 (1) and (2) before resorting to "nail and mail" service pursuant to CPLR 308 (4), which was properly effectuated (see, Leonard v Grimes, 246 AD2d 630; Singh v Gold Coin Laundry Equip., 234 AD2d 358; cf., Walker v Manning, 209 AD2d 691). Moreover, since the defendant failed to comply with Vehicle and Traffic Law § 505 (5), requiring that every motor vehicle licensee notify the Commissioner of Motor Vehicles of any change of residence within 10 days thereof, he is estopped from challenging the propriety of the "nail and mail" service to his former address (see, Feinstein v Bergner, 48 NY2d 234, 241; Sherrill v Pettiford, 172 AD2d 512; Kramer v Ryder Truck Rental, 112 AD2d 194). Bracken, J. P., Thompson, Goldstein and McGinity, JJ., concur.