■ In the Matter of the Claim of DUANE HARRISON, Appellant, v STATE OF NEW YORK, Respondent. [692 NYS2d 757] —Yesawich Jr., J. Appeals (1) from an order of the Court of Claims (King, J.), entered April 24, 1998, which, *inter alia*, denied claimant's motion to strike certain affirmative defenses in the State's answer, and (2) from an order of said court, entered September 8, 1998, which denied claimant's motion for a preference.

Claimant, a prison inmate, initiated this negligence claim against the State seeking compensation for certain personal property allegedly misplaced by a correction officer in the course of packing claimant's personal belongings prior to his transfer to another correctional facility. Following joinder of issue, claimant moved to strike the affirmative defenses asserted in the State's answer. That motion was granted except to the extent that the Court of Claims declined to strike the third affirmative defense asserting claimant's culpable conduct and the fourth affirmative defense alleging that his loss was brought about by the conduct of some third parties.

We affirm. In support of his motion, claimant submitted an affidavit indicating that when he was moved to a new residen-

tial cottage on the day prior to his transfer he packed his personal possessions in five-draft bags which were locked, along with a typewriter, in an assigned locker. According to claimant, the typewriter and several other items vanished the following day after a correction officer and several inmates packed his belongings in preparation for the transfer. The record reveals, however, that the correctional facility had no record of claimant ever possessing the allegedly lost items and that claimant's locker was found unsecured on the morning of his transfer. In view of this evidence, the Court of Claims properly concluded that material issues of fact precluded dismissal of the State's third and fourth affirmative defenses (see generally, Connelly v Warner, 248 AD2d 941).

Cardona, P. J., Crew III, Peters and Graffeo, JJ., concur. Ordered that the orders are affirmed, without costs.