OPINION OF THE COURT
Herbert Kramer, J.
Is the growing problem of identity theft a new assault on the public policy deterring auto insurance disclaimers based upon fraudulent inducement?
Plaintiff moves for a framed issue hearing seeking to strike a series of affirmative defenses in a negligence action alleging an intentional accident, identity theft, and denial of ownership and permission, and further asserting that this vehicle was used in a series of intentional accidents within a one-month period.
*229 The name and address of the offending driver listed in the police report is Jacques A. Baker, 129-27 153rd Street, Jamaica, New York. The court record indicates that a process server, in his affidavit of service, alleges service on one Jacques A. Baker by substituted service upon a cotenant of the premises, followed by appropriate mailing.
The answer in question was served by the attorneys for an insurance carrier on behalf of one Jacques A. Baker, a nonin-sured, whose learner’s permit had been stolen and who resided at an address significantly far removed from the location of service.[1] However, there is no denial of the existence of a Jacques Baker at the service location. No one has appeared for the self-styled Jacques A. Baker — the individual who, according to the police report, owned and was driving the offending vehicle at the time of the accident and stated that he lived at the address at which service was effected.
This court, after hearing initial argument and reviewing the papers, recalled the matter after additional papers were requested.
Discussion
The New York policy of protecting victims of automobile accidents begins with the requirement that vehicles using New York highways possess liability coverage. (Matter of Liberty Mut. Ins. Co. v McClellan, 127 AD2d 767 [2d Dept 1987].) Those unable to procure same independently are required to obtain insurance through an assigned risk plan. (Insurance Law § 5301 et seq.) To further protect victims of automobile accidents, the uninsured, or underinsured statute was legislated.[2] This very strong public policy, expressed in several legislative enactments, has created an apparently fertile field for various *230 forms of fraud,[3] which serve to inflate the cost of required insurance.
The public policy of New York State has been enforced by the New York courts which have refused to allow insurance companies the defense of fraudulent inducement after the issuance of a policy with respect to innocent, injured victims of the fraud.[4]
The parties, on argument, have indicated that as to the plaintiff herein, there is no allegation of fraud or collusion with the defendant. Thus, the plaintiff should be afforded, this court holds, all of the protections enunciated in the public policy of this state.
Nonetheless, it was argued, by the insurer of the offending vehicle, that the assumption of the identity of Jacques Baker by the owner-operator of the vehicle constituted fraud (as yet unproven) sufficient to vitiate State Farm’s obligation to defend the within action on the merits and before a jury. That position, this court holds, is contrary to the overwhelming public policy of this state as expressed in statute and in case law.
The motion is granted to the extent of striking affirmative defenses 6 through 10 because this court had sufficient information before it to grant this relief without conducting a *231 framed issue hearing on the question of identity. This court was limited in its ability to fashion more complete relief such as would be available through a motion for summary judgment on the question of ownership, addressing obligations of defense and coverage or a motion for a default judgment against the imposter.
However, in light of the prevalence of identity theft today, our fact pattern is likely to be repeated. Thus, it is appropriate to offer some comment on these issues. State Farm’s obligation to appear and defend in this suit must be weighed in terms of the strong public policy heretofore expressed and depends upon the efficacy of the service upon Jacques A. Baker at the address provided in the police report in conferring jurisdiction over the owner-driver actually involved in this accident. This, in turn, devolves to the operation of the provision for service upon unknown parties (Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 1024, at 249 [1997 ed],[5] and to the judicial refusal to entertain challenges to jurisdiction when a party has provided an incorrect address. (Gardner v Tully, 227 AD2d 587 [2d Dept 1996]; Harrington v Dickinson, 159 AD2d 876 [3d Dept 1990].)
It is not a significant extension of the law to hold that where, as here, an individual gave the police a name and an address at the scene, the plaintiff may rely upon that name and address for purposes of service. Consequently, it may fairly be stated that an appearance should be given under these circumstances.
This court concludes that appearing for a nonowner to whom a policy of insurance was never issued is an inappropriate way to test the issue of fraud in the inducement and that a motion for summary judgment and/or the validity of service upon the truly intended defendant is a better mechanism. As no fraud is alleged on the part of the plaintiff in such matters, a trial, by a jury, is the appropriate mechanism.

. In his affidavit Jacques Baker asserted that he resided on Beverly Road, Brooklyn, New York, and that before living there, he lived on Highland Avenue, Jamaica, New York.

. Effective July 1, 1965, “the Insurance Law in New York was amended * * * to require that each automobile liability policy issued in this State provide coverage for its ‘insureds’ as defined by the statute * * * for injuries suffered against an owner or operator of an uninsured motor vehicle * * * The statute further provided that an automobile liability policy issued without this provision ‘shall be construed as if such condition were embodied therein’ (Insurance Law, § 167, subd 2-a) [this provision is commonly known as the New York Endorsement](Matter of Rittenhouse v Motor Veh. Acc. Indem. Corp., 48 AD2d 1, 3 [4th Dept 1975].) For the current section covering this area see Insurance Law § 3420 (f) (1).

. Identity theft alone “ ‘victimiz[es] an alarming 500,000 Americans each year’.” (New Hampshire Indem. Co. v Flores, 2002 NY Slip Op 40024[U], *4 [Sup Ct].)

. See, e.g., New Hampshire Indem. Co. v Flores, supra (where owner/ insurer of vehicle was a victim of identity theft, matter was dismissed as against him, but insurer was held responsible for insuring the lawful operator of the vehicle); Taradena v Nationwide Mut. Ins. Co., 239 AD2d 876 (4th Dept 1997) (policy void ah initio with respect to the claims of the owner/ driver of the car who procured insurance through another, but insurer remains obligated to defend and indemnify in action brought by injured third party); McClellan, supra, 127 AD2d 767 (insurer held responsible with respect to intervening accident where in reinstating policy it accepted fraudulent affidavit of owner driver claiming he had been in no accidents since the policy lapsed); Olivio v Government Empls. Ins. Co. of Washington, D. C., 46 AD2d 437 (2d Dept 1975) (insured’s misrepresentations on application did not justify its reduction of coverage amounts).
This is due to the interplay of Vehicle and Traffic Law § 313 which prohibits the cancellation of a policy of automobile insurance for which a certificate of insurance has been issued until at least 20 days after the mailing of a notice of termination to the insured and Insurance Law § 3425. Vehicle and Traffic Law § 313 “supplants an insurance carrier’s common-law right [codified in Insurance Law § 3425] to cancel a contract of insurance retroactively on the grounds of fraud or misrepresentation, and mandates that the cancellation of a contract pursuant to its provision may only be effected prospectively.” (McClellan, supra at 769.)

. “[T]he defendant whose name is unknown must be described in such a way as to fairly apprise the party that he or she is an intended defendant” “whenever the court’s jurisdiction is invoked, ‘the defendant [must] be named or described in such form as will properly identify the defendant and give notice of opportunity to defend.’ ” (At 249-250.) Here, the defendant was served with the summons and verified complaint which contained a description of the date and time of the accident, and identified with particularity the car that was driven.