■ SHAMEEKA ANDERSON et al., Respondents, v JACQUES A. BAKER, Appellant. GEORGE E. FREDERICK et al., Proposed Additional Defendants. [769 NYS2d 549]—

In an action to recover damages for personal injuries, the defendant, Jacques A. Baker, appeals from an order of the Supreme Court, Kings County (Kramer, J.), dated October 28, 2002, which granted that branch of the plaintiffs' motion which was, in effect, to strike the sixth, seventh, eighth, ninth, and tenth affirmative defenses set forth in his answer.

Ordered that the order is reversed, on the law, with costs, and that branch of the plaintiffs' motion which was, in effect, to strike the defendant's sixth, seventh, eighth, ninth, and tenth affirmative defenses is denied.

The plaintiffs were passengers in a vehicle which was struck in the rear by a 1985 Nissan owned and operated by a man who identified himself as Jacques A. Baker. On the date of the accident, the 1985 Nissan was covered by an insurance policy issued by the State Farm Mutual Automobile Insurance Company (hereinafter State Farm) to Jacques A. Baker. The answering defendant, Jacques A. Baker, alleges that he is the victim of identity theft, and that an unknown imposter used documents stolen from him to register and insure the 1985 Nissan in his name. The plaintiffs moved, in effect, to strike the affirmative defenses set forth in the answer which are predicated upon identity theft and which allege, inter alia, that the answering defendant neither owned nor operated the 1985 Nissan involved in the accident. The Supreme Court granted that branch of the plaintiffs' motion which was to strike the subject affirmative defenses upon the ground that State Farm, which had retained counsel to represent the answering defendant, was required, on public policy grounds, to defend the action on the merits. We reverse.

In support of their motion, the plaintiffs offered no evidence to refute the answering defendant's claims that he did not own or operate the 1985 Nissan involved in the accident, and that an unknown person registered and insured the vehicle in his name. Thus, at a minimum, an issue of fact exists as to whether the answering defendant was the owner and operator of the vehicle involved in the accident, which precludes dismissal of the subject affirmative defenses (see Roche v T.G. Realty, 266 AD2d 367 [1999]; Matter of Harrison v State of New York, 262 AD2d 833 [1999]; Alvarez v Jamnick Realty Corp., 260 AD2d 328 [1999]). Although Vehicle and Traffic Law § 313 supplants the common-law right of an insurance carrier to retroactively cancel a contract of insurance on the ground that the insured's application was fraudulent (see Matter of Interboro Mut. Indem. Ins. Co. v Cermak, 187 AD2d 513 [1992]; Matter of Liberty Mut. Ins.

*Co. v McClellan,* 127 AD2d 767 [1987]), we note that it is the alleged victim of identity fraud who has appeared in and interposed an answer in this action. State Farm, which issued a policy of insurance to the alleged imposter, and retained counsel on the answering defendant's behalf, is not a party to this action (*see First State Ins. Co. v J & S United Amusement Corp.,* 67 NY2d 1044, 1046 [1986]). Accordingly, the fact that State Farm may not retroactively cancel the policy it issued to the alleged imposter should not bar the answering defendant from contesting liability upon grounds related to the alleged identity theft. Krausman, J.P., McGinity, Cozier and Rivera, JJ., concur. [*See* 194 Misc 2d 228.]