ANTHONY T. WOODS, Respondent, v ESSENCE M. CRAIG et al., Appellants, et al., Defendant. [837 NYS2d 478]— .

Appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered February 8, 2006 in a personal injury action. The order denied the motion of defendants Essence M. Craig and Antwoin L. Craig for summary judgment dismissing the complaint against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the complaint against defendants Essence M. Craig and Antwoin L. Craig is dismissed.

Memorandum: In December 2002 plaintiff was involved in a three-vehicle accident allegedly caused by a driver who left the scene of the accident. Plaintiff did not observe the license plate number of that driver's vehicle and was unable to describe the vehicle by anything other than its color, make and model. In October 2004 plaintiff commenced this action against Essence

M. Craig and Antwoin L. Craig (collectively, defendants), as well as John Doe, a "fictitious and unknown defendant," alleging that they owned and/or operated the vehicle that left the scene of the accident. We conclude that Supreme Court erred in denying the motion of defendants for summary judgment dismissing the complaint against them. Defendants established their entitlement to judgment as a matter of law with respect to Essence Craig by establishing that she neither owned the vehicle that allegedly caused the accident nor operated that vehicle on the day of the accident (*see Peele v Manhattan & Bronx Surface Tr. Operating Auth.*, 160 AD2d 602, 603 [1990]; *cf. Anderson v Baker*, 2 AD3d 376, 377 [2003]). Defendants also established their entitlement to judgment as a matter of law with respect to Antwoin Craig by establishing that, although he owned a vehicle that was the same make as the vehicle involved in the accident and was similar in color and model to that vehicle, he was neither operating his vehicle at the time and location of the accident nor had he loaned the vehicle to anyone else on the day of the accident. Thus, defendants established that Antwoin Craig was not the owner or the operator of the vehicle that caused the accident (*see Peele*, 160 AD2d at 603; *cf. Anderson*, 2 AD3d at 377). Plaintiff failed to raise any triable issue of fact to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Martoche, J.P., Lunn, Peradotto, Green and Pine, JJ.