OPINION OF THE COURT
Memorandum.
Order affirmed without costs.
In this action to recover damages sustained as a result of a motor vehicle accident which occurred on February 26, 2001 a default judgment was entered in favor of plaintiff on August 18, 2004. On May 24, 2005 defendant moved to vacate the default judgment and to be afforded “an opportunity to defend himself,” claiming that he did not reside at the address at which process was allegedly served and that he was not responsible for causing the accident. In opposition, plaintiff alleged that service was based upon records obtained from the Department of Motor Vehicles (DMV) which showed that defendant had a currently valid driver’s license listing his residence at the address where service was made. By a “so-ordered” stipulation, it was agreed that the matter would be set down for a traverse hearing and final resolution of the motion.
At the hearing, plaintiff’s process server admitted that on February 18, 2004, when he made his fourth attempt to serve process on defendant at the address shown on the DMV abstract, he was informed by the building owner that defendant had moved out several months before. Notwithstanding this information, the process server affixed the summons and endorsed complaint to the door of the building and followed up with a regular and certified mailing to the same address. Defendant testified that he had moved to that address after the accident and had notified DMV of the address change, but that he had moved from there on August 1, 2003, when the building was sold. He admitted that he did not notify DMV or the post office of this subsequent change. Plaintiff urged the court to apply the doctrine of estoppel since defendant had failed to comply with Vehicle and Traffic Law § 505 (5), which requires motor vehicle licensees to give the DMV written notification of a change of residence within 10 days after such change occurs.
*25 The court declined to apply the doctrine of estoppel, and granted defendant’s motion, vacating the default judgment and affording defendant leave to serve and file an answer, on the ground that the process server had actual notice that defendant did not live at the address at which process was effectuated and had not exercised due diligence in attempting to locate defendant’s new address. The court noted that there was no evidence that defendant had affirmatively attempted to commit fraud or misrepresent his address. The court further found that since jurisdiction had not been obtained, defendant did not have to offer a meritorious defense or a reasonable excuse for failing to answer the complaint. The instant appeal by plaintiff ensued.
The plaintiff at a traverse hearing, as the party asserting that personal jurisdiction over defendant was properly obtained, has the burden of proof regarding the propriety of service (see Bernardo v Barrett, 87 AD2d 832 [1982], affd 57 NY2d 1006 [1982]). Plaintiff herein failed to satisfy that burden.
It was undisputed at the traverse hearing that the process server was personally informed by the owner of the building that defendant no longer resided at the premises where service was made. Nevertheless, plaintiffs process server knowingly effectuated service at a location which was not defendant’s “actual place of business, dwelling place or usual place of abode” (CPLR 308 [4]), and did not seek court direction under CPLR 308 (5). Since plaintiff did not make a prima facie showing that service was properly effectuated, defendant would normally be entitled to dismissal of the action (see De Zego v Donald F. Bruhn, M. D., P. C., 67 NY2d 875 [1986]). However, since defendant only requested that upon vacatur of the default judgment he be afforded an opportunity to defend the action, the court granted his motion in its entirety. We note that the usual requirement that a party moving to vacate a default judgment must demonstrate the existence of a meritorious defense is inapplicable where the ground for vacatur is lack of personal jurisdiction (see European Am. Bank & Trust Co. v Serota, 242 AD2d 363 [1997]; Laurenzano v Laurenzano, 222 AD2d 560 [1995]; Chase Manhattan Bank v Carlson, 113 AD2d 734 [1985]). Accordingly, the order is affirmed.
Even were we to find that the process server made out a prima facie case of service, we would in any event affirm the order of the court below. Vehicle and Traffic Law § 505 (5) provides that it is “the duty of every licensee to notify the commissioner in *26 writing of any change of residence of such licensee within ten days after such change occurs and to make a notation of such change of residence on such license in the place provided by the commissioner.” Similar provisions regarding change of address notification requirements are found in Vehicle and Traffic Law § 401 (3), § 492 (3), § 2225 (3) and § 2285 (3). While in some cases a party’s failure to comply with a change-in-address provision will estop him or her from contesting service of process at an address on file with DMV (see e.g. Kandov v Gondal, 11 AD3d 516 [2004]; Choudhry v Edward, 300 AD2d 529 [2002]; Traore v Nelson, 277 AD2d 443 [2000]), not every instance of such statutory noncompliance should be viewed as “a deliberate attempt to avoid notice of the action” (Labozzetta v Fabbro, 22 AD3d 644, 646 [2005]). Unlike those cases in which a defendant made an affirmative misrepresentation at the time of the accident by producing a driver’s license or registration with an incorrect address (see e.g. Gardner v Tully, 227 AD2d 587 [1996]; Treutlein v Gutierrez, 129 AD2d 791 [1987]; Hill v Jones, 113 AD2d 874 [1985]; McNeil v Tomlin, 82 AD2d 825 [1981]), or where, at the time of the change of address, a defendant had notice of a plaintiffs intention to pursue a personal injury claim (see e.g. Velasquez v Gallelli, 44 AD3d 934 [2007]; Labozzetta v Fabbro, 22 AD3d 644 [2005], supra), there was no showing in the instant case that defendant was “engaged in conduct designed to conceal” his new address (see Sherrill v Pettiford, 172 AD2d 512, 513 [1991]).
The record shows that plaintiff and defendant were involved in a motor vehicle collision on February 26, 2001 and that, at the scene of the accident, defendant provided plaintiff with a copy of his driver’s license which correctly set forth his actual residential address. Although defendant subsequently moved from this residence, he did inform DMV of his “new” address. He thereafter relocated again, but neglected to timely notify DMV There is nothing in the record to indicate that his decision to relocate a second time, some 2 Vs years after the accident, was to avoid service of process in this lawsuit. Accordingly, he would not be estopped from asserting that the address at which he was served was not his actual dwelling place or usual place of abode. Under these circumstances, defendant would, in any event, be entitled to the relief requested.
In light of the foregoing, the order of the court below is affirmed.
Weston Patterson, J.P
(dissenting and voting to reverse the order and deny defendant’s motion to vacate the default judgment in the following memorandum). Pursuant to Vehicle and Traffic Law § 505 (5), “[i]t shall be the duty of every licensee to notify the commissioner in writing of any change of residence of such licensee within ten days after such change occurs” (emphasis added). It is well settled that a licensee’s failure to notify the Department of Motor Vehicles (DMV) of a change in address estops the licensee from contesting service of process (see e.g. Kandov v Gondal, 11 AD3d 516 [2004]; Choudhry v Edward, 300 AD2d 529 [2002]; Traore v Nelson, 277 AD2d 443 [2000] ; cf. LaSorsa v Corrigan, 256 AD2d 313 [1998]). While in many cases a defendant is estopped from contesting service after having made an affirmative misrepresentation at the time of the accident by producing a driver’s license or registration with an incorrect address (see e.g. Gardner v Tully, 227 AD2d 587 [1996]; McNeil v Tomlin, 82 AD2d 825 [1981]), even in the absence of such a showing, a defendant’s failure to advise DMV of a change of address has been viewed as a “deliberate attempt to avoid service” (see O’Garro v Brown, 288 AD2d 279, 280 [2001] ; see also Cruz v Narisi, 32 AD3d 981 [2006] [construing Vehicle and Traffic Law § 401 (3)]) so as to warrant application of the doctrine of estoppel. The statute clearly states in mandatory language that a licensee shall have the duty to notify DMV of an address change and the consequence of said failure to comply with the statute is that a person may not challenge the propriety of service made at the address on file with the DMV The Appellate Division, Second Department, has clearly and repeatedly adhered to this strict reading of the statute without exception. Where a defendant is in violation of Vehicle and Traffic Law § 505 (5) by failing to timely notify the proper authorities of his or her change of address, a plaintiff has the right to rely upon the address given by the defendant (see e.g. Hill v Jones, 113 AD2d 874 [1985]). Moreover, since defendant was served at the address on file with D1VTV he was estopped from raising jurisdiction in this proceeding and thus a traverse hearing was unnecessary.
Even assuming, as the majority does, that having consented to a traverse hearing, plaintiff had the initial burden to go forward and demonstrate proper service, I find that plaintiff met his burden. Once plaintiff established that he served defendant at the address on file with DMV and defendant admitted *28 that he had failed to notify DMV of his change of address,* plaintiff satisfied his burden and defendant was thereafter estopped from challenging the diligence of plaintiffs process server in ascertaining defendant’s correct address (see PumarejoGarcia v McDonough, 242 AD2d 374 [1997]; Gardner v Tully, 227 AD2d 587 [1996], supra). To place the burden upon the plaintiff to conduct a due diligence search renders Vehicle and Traffic Law § 505 (5) impotent. Plaintiff is not required to show that defendant made an affirmative misrepresentation or that he engaged in conduct designed to conceal his new address in order to invoke the doctrine of estoppel. The majority’s rationale only serves to enable a defendant to avoid the consequences of his or her noncompliance. The rule is designed to ensure strict compliance.
Golia and Belen, JJ., concur; Weston Patterson, J.R, dissents in a separate memorandum.

 It should be noted that following the accident, defendant moved twice. Defendant timely notified DMV of his change of address the first time. Defendant resided at this second address for a prolonged period of time without notifying DMV of an address change.