■ ALMA D. PAYNE et al., Appellants, v R-D MAINTENANCE UNLIMITED, INC., et al., Defendants, and JOSEPH E. SMITH, Doing Business as JES ENTERPRISES, Respondent. [907 NYS2d 762]—

Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered July 24, 2009 in a personal injury action. The order granted the motion of defendant Joseph E. Smith, doing business as JES Enterprises, for summary judgment dismissing the amended complaint and cross claims against him.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the amended complaint and cross claims against defendant Joseph E. Smith, doing business as JES Enterprises, are reinstated.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Alma D. Payne (plaintiff) in a motor vehicle accident. Plaintiff was driving northbound in the left lane of Military Road near a shopping plaza when a vehicle being driven northbound in the right lane of Military Road swerved into plaintiff's lane, causing plaintiff to veer into the southbound lane and collide with an oncoming vehicle. Plaintiffs allege that the vehicle to the right of plaintiff swerved into her lane because a piece of construction/snow removal equipment in the shopping plaza parking lot protruded into the right northbound lane. According to plaintiffs, the equipment was owned by Joseph E. Smith, doing business as JES Enterprises (defendant), and was operated by one of his employees.

Supreme Court erred in granting the motion of defendant seeking summary judgment dismissing the amended complaint and cross claims against him. Defendant met his initial burden by submitting evidence that he neither owned nor operated the equipment at issue (*see Woods v Craig*, 41 AD3d 1260, 1261 [2007]). Contrary to plaintiffs' contention, the court properly

considered evidence submitted by defendant in his reply papers in support of his motion because plaintiffs had an opportunity to respond and submit papers in surreply (*see Park Country Club of Buffalo, Inc. v Tower Ins. Co. of N.Y.*, 68 AD3d 1772, 1774 [2009]). Nevertheless, we conclude that plaintiffs raised a triable issue of fact to defeat the motion by submitting evidence that defendant owned the type of equipment allegedly involved in the accident, as well as eyewitness deposition testimony that, at the time of the accident, such equipment was removing snow from property that defendant was contractually obligated to clear (*see generally Koblack v Croteau*, 295 NY 931 [1946]). Present—Scudder, P.J., Martoche, Peradotto, Green and Gorski, JJ.