# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**688**

**CA 13-02022**

PRESENT: CENTRA, J.P., LINDLEY, SCONIERS, VALENTINO, AND DEJOSEPH, JJ.

---

JOSEPH OLSCAMP, PLAINTIFF-APPELLANT,

V                                           MEMORANDUM AND ORDER

JANEANNE E. FASCIANO, DEFENDANT,
AND C.M. MENDETTA, JR., DEFENDANT-RESPONDENT.

---

WALSH, ROBERTS & GRACE, BUFFALO (JOSEPH H. EMMINGER, JR., OF COUNSEL), FOR PLAINTIFF-APPELLANT.

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (NANCY A. LONG OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered April 12, 2013. The order granted the motion of defendant C.M. Mendetta, Jr., to dismiss the complaint against him pursuant to CPLR 3211 (a) (8).

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff appeals from an order that granted the motion of C.M. Mendetta, Jr. (defendant) to dismiss the complaint against him pursuant to CPLR 3211 (a) (8) based on improper service of the summons and complaint. We affirm. We reject plaintiff's contention that the "nail and mail" service upon defendant's last known address was proper. That method of service "requires that the summons be affixed to the door of the defendant's 'actual place of business, dwelling place or usual place of abode' " (*Kalamadeen v Singh*, 63 AD3d 1007, 1008, quoting CPLR 308 [4]). "Although the required subsequent mailing to the defendant's last known residence will suffice for the second element of service under CPLR 308 (4), affixing process to the door of the defendant's last known residence will not be sufficient to meet the first element of [CPLR 308 (4)]" (*id.; see Feinstein v Bergner*, 48 NY2d 234, 239). We reject plaintiff's further contention that defendant should be estopped from raising defective service as a defense inasmuch as there is no evidence in the record that defendant "engage[d] in conduct calculated to prevent plaintiff from learning his new address" (*Seiler v Ricci's Towing Servs.*, 227 AD2d 920, 921; *see Marsh v Phillips*, 167 AD2d 905, 905-906).

Entered: June 20, 2014                      Frances E. Cafarell
                                            Clerk of the Court