G-Unit Books, Inc. v Tompkins (2026 NY Slip Op 50268(U))

[*1]

G-Unit Books, Inc. v Tompkins

2026 NY Slip Op 50268(U)

Decided on March 4, 2026

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 4, 2026
Supreme Court, New York County

G-Unit Books, Inc., Plaintiff,

againstShaniqua Tompkins, Defendant.

Index No. 654265/2025

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 001) 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17 were read on this motion for JUDGMENT - DEFAULT.
The following e-filed documents, listed by NYSCEF document number (Motion 002) 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29 were read on this motion to EXTEND - TIME.
This is an action for breach of contract involving an agreement to sell publication rights. In motion sequence 001, plaintiff moves for an order for default judgment for defendant's purported failure to answer or otherwise appear in this action. In motion sequence 002, defendant moves for an order extending her time to serve and file an answer to plaintiff's verified complaint. For the foregoing reasons, plaintiff's motion for default is denied and defendant's motion for additional time to answer the complaint is granted.
On a motion for leave to enter a default judgment, pursuant to CPLR 3215, the movant is required to submit proof of service of the summons and complaint, proof of the facts constituting its claim, and proof of the defaulting party's default in answering or appearing (Deutsche Bank Nat. Tr. Co. v Kuldip, 136 AD3d 969, 971 [2d Dept 2016]).
Here, plaintiff submits that defendant was properly served, pursuant to CPLR 308 (4), via "nail and mail" service (NYSCEF doc. no. 4, pg. 7). Plaintiff purports to have attempted to serve defendant Tompkins personally at her dwelling, over the course of four days between July 23 and 28, 2025—after the fourth unsuccessful attempt, plaintiff claims it caused service to be made by affixing the documents to Tompkins' door on July 28, 2025 (NYSCEF doc. no 7). Plaintiff also purports to have provided additional notice by mailing true copies to defendant via first class mail in an envelope marked "personal and confidential" (id.).
Plaintiff provides an affidavit in compliance with the Servicemembers Civil Relief Act (50 USCA App §522; NYSCEF doc. no. 15) and further submits that it confirmed defendant's address through a search of public records (NYSCEF doc. no. 7).
Plaintiff has submitted, together with a verified complaint, which constitutes proof constituting the claim, prima facie evidence of proper service and evidence of defendant's default in answering the complaint (Deutsche Bank, 136 AD3d at 971; Bigio v Gooding, 213 AD3d 480, 481 [1st Dept 2023][the movant may establish facts constituting the claim either by submission of an affidavit of merit or by verified complaint]). Plaintiff has satisfied the basic requirements of CPLR 3215.
To defeat plaintiff's facially adequate motion, the defendant must establish a reasonable excuse for her default and a meritorious defense to the action (Deutsche Bank, 136 AD3d at 971). In response to plaintiff's motion, defendant did not file opposition, but, rather, filed a motion for leave to extend defendant's time to answer the verified complaint pursuant to CPLR §3012. To compel plaintiff to accept service of its untimely answer, defendant must provide a reasonable excuse for the delay in answering and demonstrate a potentially meritorious defense to the action (Clarke v Liberty Mut. Fire Ins. Co., 150 AD3d 1192, 1195 [2d Dept 2017]). "Successful opposition to a CPLR 3215 motion for leave to enter a default judgment, requires the same showing as an affirmative motion for leave to extend the time to answer" (id.).
In her motion, defendant denies receipt of service and affirms that she does not reside at any of the three addresses plaintiff purportedly relied upon to affect service upon her (Tompkins affidavit, NYSCEF doc. no. 21). According to defendant, she purportedly has not resided at any of the locations served by plaintiff for many years, and she denies any current connection with the locations. Defendant further denies providing consent or authority to anyone currently residing at the locations to accept service on her behalf, and refutes plaintiff's claims that service was ever properly effectuated against her (id.). Defendant allegedly became aware of this action from news outlets that contacted her for comment. She submits that, once she became aware of the action, she obtained counsel, and, finally, denies any willful delay or intent to abandon the case (id.).
It is this court's view that defendant has adequately established a reasonable excuse for her default. Defendant disputes receipt of service and denies residing at any of the locations purportedly served (NYSCEF doc. no. 21, paras. 2-4). This court rejects plaintiff's arguments that defendant's affirmations regarding her residency are "conclusory" or "unsubstantiated" (opposition, NYSCEF doc. no. 23, pg. 12). Defendant has every right to challenge the propriety of service, and, in support of its motion for default, plaintiff provided no proof that it obtained her current address from a reliable indicator (Bajic v Tweedy, 244 AD2d 442, 443 [2d Dept 1997][because the mailing address which appeared on the death certificate was not a reliable indicator of the defendant's current residence, no basis exists for estopping the defendant from challenging the propriety of the service]).
Further, by her affirmation, defendant has set forth grounds for a meritorious defense to this action. Defendant refutes that the subject "Life Rights Agreement" was entered into voluntarily, and presents arguments, which taken in their totality, identify a counterclaim for breach of contract, and identify generally the contractual defenses of duress, illegality and/or fraud (Tompkins affidavit, NYSCEF doc. no. 21 at paras. 10-16).
Upon the application of a party, the court may extend the time to appear or plead, or compel the acceptance of a pleading untimely served, upon such terms as may be just and upon a showing of reasonable excuse for delay or default (CPLR 3012). The court has broad discretion in granting applications for extensions of time to answer under CPLR 3012 (d).
Although plaintiff asserts that defendant's application is untimely, the caselaw relied [*2]upon by plaintiff, that find inexcusable delay by the movant, are all based upon applications to vacate a default judgment that was already properly entered (opposition, NYSCEF doc. no. 23, pg. 11). Such is not the case here.
It is this court's view that defendant has satisfied her burden under CPLR 3012 for an extension of time to appear, and, therefore, has satisfied her burden of successfully opposing plaintiff's application for default.
Accordingly, it is hereby
ORDERED that plaintiff's motion for default judgment, pursuant to CPLR 3215, is denied (motion seq. no. 001); and it is further
ORDERED that defendant's motion for an extension of time to answer, pursuant to CPLR 3012 (d), is granted (motion seq. no. 002); and it is further
ORDERED that defendant shall answer or otherwise respond to the complaint no later than twenty (20) days from service of a copy of this order with notice of entry; and it is further
ORDERED that counsel are directed to appear for a virtual preliminary conference on May 5, 2026 at 10:30 a.m.
DATE March 4, 2026Robert R. Reed, J.S.C.