■ CATHERINE BURKE, Respondent, v ZORBA DINER, INC., Defendant, and NICK CAINO, Appellant. [623 NYS2d 932] —In an

action to recover damages for personal injuries, the defendant Nick Caino appeals, as limited by his brief, from so much of an order of the Supreme Court, Putnam County (Hickman, J.), dated October 19, 1993, as granted the plaintiff's motion to dismiss his affirmative defense of lack of personal jurisdiction and denied his cross motion to dismiss the complaint for lack of personal jurisdiction.

Ordered that the order is affirmed insofar as appealed from, with costs.

This appeal arises from an incident on August 27, 1989, when the plaintiff was allegedly hit in the head by a chair thrown by the appellant. The plaintiff obtained the appellant's address through a Department of Motor Vehicles record search. That search revealed that the appellant's address was Fairmont Road, Mahopac, New York. On or about May 28, 1991, the plaintiff instituted an action against the appellant to recover for her personal injuries by serving the summons and complaint upon the appellant's mother at the above address and mailing a copy of the summons and complaint to that address. The appellant answered the complaint and asserted the affirmative defense of lack of personal jurisdiction. The plaintiff moved, *inter alia,* to dismiss the affirmative defense of lack of personal jurisdiction, stating that the affidavit of service clearly shows proper service. The appellant cross-moved to dismiss the complaint, stating that the plaintiff improperly served him at his prior address. He contended that at the time of service, he lived at a different address. The plaintiff responded by submitting an affidavit of the process server, who stated that he searched the records of the Department of Motor Vehicles and found only one address for the appellant—the Fairmont Road address. The Supreme Court granted the plaintiff's motion and denied the appellant's cross motion.

Vehicle and Traffic Law § 505 (5) requires that every motor vehicle licensee notify the Commissioner of Motor Vehicles of any change of residence within 10 days of the occurrence of this change. A party who fails to comply with this provision is estopped from challenging the propriety of service which is made to the former address *(see, Sherrill v Pettiford,* 172 AD2d 512, 513; *Lavery v Lopez,* 131 AD2d 820). Here, the record indicates that the appellant failed to change his address as required by the Vehicle and Traffic Law and he is, therefore, estopped from contesting the validity of service to

his former address *(see, Melton v Brotman Foot Care Group,* 198 AD2d 481). By failing to properly change his address, the appellant affirmatively misrepresented his address and the plaintiff had every right to rely upon that misrepresentation in effecting service of process pursuant to CPLR 308 (2). Sullivan, J. P., Miller, Copertino, Joy and Friedmann, JJ., concur.