■ JAVIER PUMAREJO-GARCIA et al., Appellants, v JAMES McDONOUGH, Respondent. [662 NYS2d 66] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Golden, J.), dated August 30, 1996, which denied their motion pursuant to CPLR 3215 for leave to enter a default judgment based upon the defendant's failure to serve an answer, and compelled them to accept the answer.

Ordered that the order is reversed, on the law, with costs, the plaintiffs' motion is granted, and the matter is remitted to the Supreme Court, Kings County, for further proceedings.

In order to successfully oppose a motion for leave to enter a

default judgment based upon the defendant's failure to serve an answer, the defendant must demonstrate reasonable excuse for the delay and provide a meritorious defense (*see, Dinerstein & Lesser v Ambulette Assn.,* 88 AD2d 945). The defendant has failed to satisfy this standard.

Vehicle and Traffic Law § 505 (5) requires that every motor vehicle licensee notify the Commissioner of Motor Vehicles of any change of residence within 10 days of the change. A party who fails to comply with this provision will be estopped from challenging the propriety of service which is made to the former address (*see, Sherrill v Pettiford,* 172 AD2d 512). In this case, the defendant acknowledged that he moved from his prior address in Richmond Hill in November 1993 and thus admittedly failed to comply with this statutory mandate. The defendant is therefore estopped from raising a claim of defective service because he concealed his new address (*see, Feinstein v Bergner,* 48 NY2d 234, 241; *Sherrill v Pettiford, supra; Kramer v Ryder Truck Rental,* 112 AD2d 194).

In any event, the defense proffered by the defendant, that the plaintiffs' car stopped short, is not a meritorious one under these circumstances (*see, Leal v Wolff,* 224 AD2d 392). Bracken, J. P., O'Brien, Santucci, Friedmann and Goldstein, JJ., concur.