■ CRAIG MCCLEAVER, Appellant, v MICKEY VANFOSSEN et al., Respondents. [714 NYS2d 138] —In an action to recover dam-

ages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Sherwood, J.), dated March 10, 2000, which, *inter alia*, granted the defendants' motion to vacate a judgment of the same court, dated March 5, 1999, entered upon their default in answering the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the judgment dated March 5, 1999, in favor of the plaintiff is reinstated.

A defendant moving to vacate a judgment entered upon its default must demonstrate a reasonable excuse for the default and a meritorious defense to the action (*see*, CPLR 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.*, 67 NY2d 138; *Domenikos v Miranda*, 255 AD2d 481; *Roussodimou v Zafiriadis*, 238 AD2d 568). The defendants failed to demonstrate a reasonable excuse for their default in appearing.

Vehicle and Traffic Law § 505 (5) requires that every motor vehicle licensee notify the Commissioner of Motor Vehicles of any change of residence within 10 days of the occurrence of the change. A party who fails to comply with this provision is estopped from challenging the propriety of service made to the former address (*see*, *Pumarejo-Garcia v McDonough*, 242 AD2d 374; *Burke v Zorba Diner*, 213 AD2d 577; *Sherrill v Pettiford*, 172 AD2d 512). After the instant motor vehicle accident took place in Rockland County, but before the commencement of this action, the defendants moved from New York to the State of Washington, without giving notice of their change of address as required by the Vehicle and Traffic Law. The defendants are therefore estopped from contesting the validity of service to their former address (*see*, *Sherrill v Pettiford, supra*; *Anello v Barry*, 149 AD2d 640; *cf., Keane v Kamin*, 94 NY2d 263). O'Brien, J. P., Sullivan, Krausman, Goldstein and Schmidt, JJ., concur.