■ ALIOU TRAORE, Appellant, v DOLORES NELSON, Respondent, et al., Defendants. [716 NYS2d 701] —In an action to re-

cover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Golia, J.), dated October 29, 1999, which denied his motion pursuant to CPLR 3215 for leave to enter a judgment against the defendant Dolores Nelson based upon her failure to serve an answer.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

To successfully oppose a motion for leave to enter a default judgment based upon a defendant's failure to serve an answer, that defendant must demonstrate a reasonable excuse for the delay and provide a meritorious defense (see, Pumarejo-Garcia v McDonough, 242 AD2d 374). The defendant Dolores Nelson failed to satisfy this standard.

Vehicle and Traffic Law § 505 (5) requires that every motor vehicle licensee notify the Commissioner of Motor Vehicles of any change in residence within 10 days of the change. A party who fails to comply with the provision will be estopped from challenging the propriety of service made to the former address (see, Sherrill v Pettiford, 172 AD2d 512). In this case, Nelson averred in an affidavit that for the last 28 years she resided in an apartment at 189 Continental Place in Staten Island other than the apartment she listed with the Department of Motor Vehicles for the registration of the motor vehicle involved in the subject accident. Nelson is estopped from raising a claim of defective service because she failed to apprise the Department of Motor Vehicles of her correct address (see, Pumarejo-Garcia v McDonough, supra).

Further, since pursuant to Vehicle and Traffic Law § 388, the negligence of an operator of a motor vehicle may be attributable to the owner, Nelson's assertion that although she owned the motor vehicle in question, she was not involved in the subject accident, does not constitute a meritorious defense to the action. O'Brien, J. P., Sullivan, Krausman, Goldstein and Schmidt, JJ., concur.