■ Cora O'Garro, Appellant, v John E. Brown, Respondent. [732 NYS2d 873] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the

Supreme Court, Kings County (G. Aronin, J.), dated May 3, 2001, which granted the defendant's motion to vacate a judgment entered September 28, 2000, upon the defendant's failure to answer the complaint or appear.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the judgment entered September 28, 2000, is reinstated.

Although the Supreme Court had the authority to consider the defendant's motion to vacate the judgment entered upon his default as one pursuant to CPLR 317 rather than CPLR 5015 (a) (1) (*see, Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.*, 67 NY2d 138), under the circumstances of this case, the Supreme Court improvidently exercised its discretion in granting the motion. The defendant's failure to advise the Department of Motor Vehicles of his change of address, as required by Vehicle and Traffic Law § 505 (5), should be viewed as a deliberate attempt to avoid service (*see, Eugene Di Lorenzo, Inc. v Dutton Lbr. Co., supra; Lawrence v Esplanade Gardens*, 213 AD2d 216). As such, the defendant is estopped from challenging the propriety of the service made at his former address (*see, McCleaver v VanFossen*, 276 AD2d 603). Additionally, the defendant failed to adequately demonstrate a meritorious defense as required by CPLR 317 (*see, Mootoo v Ruiz*, 286 AD2d 321; *Jeremic v Tong*, 283 AD2d 461). Accordingly, the motion to vacate the judgment should have been denied. Bracken, P. J., Krausman, Luciano, Smith and Adams, JJ., concur.