■ GHUMAN CHOUDHRY, Appellant, v JEAN EDWARD, Respondent, et al., Defendant. [752 NYS2d 384] —In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Clemente, J.), dated May 24, 2002, which granted the motion of the defendant Jean Edward pursuant to CPLR 5015 (a) (1) to vacate so much of a judgment of the same court, dated June 11, 2001, entered upon his failure to appear or answer, as was in favor of the plaintiff and against him, and to compel the plaintiff to accept his answer.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and so much of the judgment as was in favor of the plaintiff and against the respondent is reinstated.

A party seeking to vacate a default judgment must demonstrate both a reasonable excuse for the default and the existence of a meritorious defense (*see Titan Realty Corp. v Schlem,* 283 AD2d 568; *Matter of Gambardella v Ortov Light.,* 278 AD2d 494). The respondent failed to satisfy this standard.

In his affidavit, the respondent, who owned a motor vehicle

that was involved in an accident with the plaintiff's motor vehicle and was not an eyewitness to the accident, did not even attempt to proffer a defense to the claim of negligence. The respondent did not provide a reasonable excuse for his default in answering the complaint. Vehicle and Traffic Law § 505 (5) requires that every motor vehicle licensee notify the Commissioner of Motor Vehicles of any change in residence within 10 days of the change. A party who fails to comply with the provision will be estopped from challenging the propriety of service made to the former address (*see Traore v Nelson,* 277 AD2d 443). In this case, the respondent proffered, as the only excuse for his default that, since January 1999 he resided in an apartment at 1623 Nostrand Avenue, Brooklyn other than the apartment he listed with the Department of Motor Vehicles for the registration of the motor vehicle. The respondent is estopped from raising a claim of defective service because he failed to apprise the Department of Motor Vehicles of his current address (*see Traore v Nelson, supra*).

The respondent's contention raised for the first time on this appeal need not be considered by the Court (*see Murray v Palmer,* 229 AD2d 377). Feuerstein, J.P., Krausman, Luciano, Townes and Cozier, JJ., concur.