■ JEAN CHARLES CARRENARD et al., Respondents, v HENRY MASS, Appellant, et al., Defendants. [782 NYS2d 810]—

In an action to recover damages for personal injuries, etc., the defendant Henry Mass appeals from an order of the Supreme Court, Kings County (Harkavy, J.), dated January 12, 2004, which denied his motion to vacate so much of a judgment of the same court (Silverman, J.H.O.) dated October 7, 2002, as, upon his default in appearing or answering the complaint, was in favor of the plaintiffs and against him in the principal sum of $40,000.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in denying the appellant's motion to vacate his default in appearing or answering the complaint pursuant to CPLR 5015 (a) (1) (see Taylor v Saal, 4 AD3d 467 [2004]; Dominguez v Carioscia, 1 AD3d 396, 397 [2003]). The appellant's mere denial that he was served with a summons and complaint in the action was insufficient to rebut the presumption of proper service raised by the affidavit of service (see Truscello v Olympia Constr., 294 AD2d 350, 351 [2002]; De La Barrera v Handler, 290 AD2d 476 [2002]). Indeed, he is bereft of a reasonable excuse for his default because he cannot challenge the validity of service at his prior residence address (see Vehicle and Traffic Law § 505 [5]; Choudhry v Edward, 300 AD2d 529 [2002]; Traore v Nelson, 277 AD2d 443, 444 [2000]). Furthermore, even if the appellant's motion were treated as one made pursuant to CPLR 317 (see Eugene Di Lorenzo, Inc. v Dutton Lbr. Co., 67 NY2d 138, 143 [1986]; Mann-Tell Realty Corp. v Cappadora Realty Corp., 184 AD2d 497, 498 [1992]), he failed to demonstrate that he did not personally receive notice of the summons in time to defend the action (see 96 Pierrepont v Mauro, 304 AD2d 631 [2003]; Waldon v Plotkin, 303 AD2d 581 [2003]). Ritter, J.P., H. Miller, Schmidt, Crane and Skelos, JJ., concur.