■ Yury Kandov, Respondent, v Sikander Ali Gondal, Defendant, and Dennis Lee, Appellant. [783 NYS2d 57]—

In an action, inter alia, to recover damages for personal injuries, the defendant Dennis Lee appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Jones, J.), dated October 30, 2003, as denied his motion to vacate so much of a judgment, as, after an inquest on damages upon his default in appearing and answering, is in favor of the plaintiff and against him in the principal sum of $125,000.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Dennis Lee (hereinafter the defendant) moved to vacate a judgment entered against him after an inquest on damages upon his default in appearing and answering. The defendant claimed a lack of personal jurisdiction (see CPLR 5015 [a] [4]). The defendant was served at the address which was on file for him at the State of New York Department of Motor Vehicles (hereinafter the DMV). Vehicle and Traffic Law § 505 (5) requires that every motor vehicle licensee notify the Commissioner of Motor Vehicles of any change in residence within 10 days of the change. A party who fails to comply with this provision will be estopped from challenging the propriety of service made at the former address (see Choudhry v Edward, 300 AD2d 529, 530 [2002]; Traore v Nelson, 277 AD2d 443, 444 [2000]; Pumarejo-Garcia v McDonough, 242 AD2d 374, 375 [1997]; Sherrill v Pettiford, 172 AD2d 512, 513 [1991]). In this case, the only excuse proffered by the defendant for his default was that on the date of service he no longer resided at the address where service was made, the very address he continues to list with the DMV. Similarly, he contended that the Supreme Court did not have personal jurisdiction over him because he did not receive service (see CPLR 5105 [a] [4]). As the defendant was estopped from raising a claim of defective service because he failed to apprise the DMV of his current address (see Traore v Nelson, supra), the Supreme Court providently exercised its discretion in denying his motion to vacate.

The defendant's remaining contentions are without merit. Smith, J.P., Adams, Crane and Lifson, JJ., concur.