■ PAUL LABOZZETTA et al., Appellants, v AMBROGIO S. FAB-BRO, Defendant, and GINA M. PIAZZA, Respondent. [804 NYS2d 353]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated October 19, 2004, as, in effect, granted the motion of the defendant Gina M. Piazza to vacate so much of a judgment of the same court (Dowd, J.), dated June 19, 2003, as, after an inquest on the issue of damages upon her default in appearing and answering, is in favor of the plaintiffs and against her in the principal sum of $750,000.

Ordered that the order is reversed insofar as appealed from, with costs, the motion is denied, and the portion of the judgment which is in favor of the plaintiffs and against the defendant Gina M. Piazza in the principal sum of $750,000 is reinstated.

On July 16, 2001, the plaintiff Paul Labozzetta was seriously injured when he was struck by a motorcycle operated by the defendant Ambrogio S. Fabbro. The police accident report listed the defendant Gina M. Piazza as the owner of the motorcycle

and her address exactly as printed on the registration. In February 2002 the plaintiffs served Piazza pursuant to CPLR 308 (4) at the address on the registration and the insurance identification card on file for the subject motorcycle with the New York State Department of Motor Vehicles (hereinafter DMV). After the defendants failed to appear or answer the complaint, and upon an inquest on the issue of damages, a default judgment was entered in favor of the plaintiffs and against the defendants. On December 27, 2002, a copy of an order of the Supreme Court, Kings County (Dowd, J.), dated December 18, 2002, granting the plaintiffs' motion for leave to enter a default judgment, was served upon Piazza at the same address at which service of the summons and complaint had been effectuated.

In September 2004 Piazza moved to vacate the default judgment insofar as asserted against her on the grounds that the Supreme Court lacked personal jurisdiction (see CPLR 5015 [a] [4]), and that she had a reasonable excuse for her default and a meritorious defense (see CPLR 5015 [a] [1]). The only excuse proffered by Piazza was that she had moved from the address on file with the DMV about six months before the service of the summons and verified complaint. She further alleged that she sold her motorcycle to Fabbro several weeks before the subject accident and thus, she was not the owner of the motorcycle at the time of the accident. Piazza admittedly failed to surrender her license plates to the Commissioner of Motor Vehicles (hereinafter the Commissioner) upon cancellation of her insurance or upon the alleged sale of the motorcycle (see Vehicle and Traffic Law § 312 [1] [b]; § 420 [1]). Thus, as the registered owner of the motorcycle, Piazza was required to notify the Commissioner of any change of residence within 10 days of the change (see Vehicle and Traffic Law § 401 [3]). A party who fails to comply with this provision is estopped from challenging the propriety of service made at the former address (see Kandov v Gondal, 11 AD3d 516 [2004]; Carrenard v Mass, 11 AD3d 501 [2004]; Ortiz v Santiago, 303 AD2d 1, 6 [2003]; Choudhry v Edward, 300 AD2d 529 [2002]). As Piazza was estopped from raising a claim of defective service because she failed to apprise the Commissioner of her current address, her motion to vacate the default judgment insofar as asserted against her pursuant to CPLR 5015 (a) (1) or CPLR 5015 (a) (4) should have been denied.

Furthermore, the record indicates that Piazza received notice of the accident and the plaintiffs' intent to pursue a claim to recover damages for personal injuries before her change of address. Under the circumstances, even if Piazza's motion were

treated as one made pursuant to CPLR 317, her failure to advise the Commissioner of her change of address should be viewed as a deliberate attempt to avoid notice of the action. Thus, relief under CPLR 317 is also not appropriate (*see Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.,* 67 NY2d 138, 143 [1986]; *O'Garro v Brown,* 288 AD2d 279, 280 [2001]; *Mann-Tell Realty Corp. v Cappadora Realty Corp.,* 184 AD2d 497, 498 [1992]). Adams, J.P., Ritter, Goldstein, Skelos and Dillon, JJ., concur.