■ VICTOR CRUZ, Appellant, v DOMENICA NARISI, Respondent et al., Defendant. [821 NYS2d 643]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Agate, J.), dated October 13, 2005, which granted the motion of the defendant Domenica Narisi for leave to vacate a judgment of the same court dated April 18, 2005, which was entered upon that defendant's failure to appear or answer the complaint and after an inquest, was in favor of the plaintiff and against that defendant in the principal sum of $25,000.

Ordered that the order is reversed, on the law, with costs, the motion to vacate the judgment is denied, and the judgment is reinstated.

The defendant Domenica Narisi was served with the summons and complaint in December 2002 at 1814 Stanhope Street, Ridgewood, the address on record with the Commissioner of the Department of Motor Vehicles (hereinafter the DMV) as of that date. Narisi's allegation, in support of her motion to vacate a judgment entered upon her failure to appear or answer the complaint, that she had moved to another address in December 2000, did not satisfy the reasonable excuse requirement under CPLR 5015 since she was obligated pursuant to Vehicle and Traffic Law § 401 (3) to notify the DMV of her change in residence (see Labozzetta v Fabbro, 22 AD3d 644 [2005]; Kandov v Gondal, 11 AD3d 516 [2004]; O'Garro v Brown, 288 AD2d 279 [2001]; Lawrence v Esplanade Gardens, 213 AD2d 216 [1995]). Moreover, if the motion were considered to be made under CPLR 317, Narisi's actions, including, inter alia, her direct involvement in the accident in question coupled with her failure to advise the DMV of her change of address for a prolonged period, should be viewed as a deliberate attempt to avoid notice of the action, under the unique facts of this case (cf. Lawrence v Esplanade Gardens, supra; Paul Conte Cadillac v C.A.R.S. Purch. Serv., 126 AD2d 621 [1987]). Thus, Narisi would not be entitled to relief pursuant to CPLR 317. Adams, J.P., and Lifson, JJ., concur.

Goldstein, J. (concurring and voting to reverse the order, deny the motion to vacate, and reinstate the judgment). The complaint alleges that on December 22, 1999 a vehicle driven by the defendant Marina Rodriguez in which the plaintiff Victor Cruz was a passenger collided with a vehicle driven by the defendant Domenica Narisi.

On December 12, 2000 Narisi moved from Ridgewood,

Queens, to Staten Island. She failed to notify the Commissioner of the Department of Motor Vehicles (hereinafter the DMV) of her change of residence. In October 2002 the instant action was commenced and Narisi was served at her former address in Ridgewood.

By notice of motion dated July 30, 2003, the plaintiff moved, inter alia, for leave to enter judgment against Narisi upon her failure to appear or answer the complaint. By order dated February 26, 2004, the plaintiff's motion was granted and an inquest was scheduled for September 17, 2004. After completion of the inquest on February 24, 2005 the plaintiff was awarded the principal sum of $25,000. A judgment was entered on April 18, 2005.

By notice of motion dated August 31, 2005, Narisi moved to vacate the default judgment, alleging, inter alia, that she was never served and she had a meritorious defense, to wit, that Rodriguez failed to stop at a stop sign.

The plaintiff, in opposition, contended that Narisi was estopped from denying service, on the ground she failed to comply with Vehicle and Traffic Law § 401 (3) (a), which requires the owner of a vehicle holding a certificate of registration to notify the DMV of any change of address within 10 days. The plaintiff further contended that Narisi's failure to comply with Vehicle and Traffic Law § 401 (3) (a) did not constitute a reasonable excuse for her default.

The Supreme Court, in the order appealed from, vacated Narisi's default on the ground that "there appears to be a meritorious defense and a reasonable excuse for her default."

Narisi's violation of Vehicle and Traffic Law § 401 (3) (a) estopped her from denying the propriety of service and cannot constitute a reasonable excuse for her default (*see Kandov v Gondal,* 11 AD3d 516 [2004]; *Carrenard v Mass,* 11 AD3d 501 [2004]; *Ortiz v Santiago,* 303 AD2d 1 [2003]).

The change of address provisions relating to motor vehicles are distinguishable from the change of address provision pursuant to Business Corporation Law § 306 in that "under CPLR 5015, there is no per se rule that a corporation served through the Secretary of State, and which failed to update its address on file there, cannot demonstrate an 'excusable default' " dependent, inter alia, on the length of time for which the address had not been kept current (*Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.,* 67 NY2d 138, 143 [1986]).

CPLR 317 provides that a person who is served "other than by personal delivery" or by service upon an agent designated

pursuant to CPLR 318 and "who does not appear *may* be allowed to defend the action within one year after he obtains knowledge of entry of the judgment, but in no event more than five years after such entry, upon a finding of the court that he did not personally receive notice of the summons in time to defend and has a meritorious defense" (emphasis added). Relief pursuant to CPLR 317 is generally discretionary (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., supra* at 143).

There are circumstances in which relief pursuant to CPLR 317 is inappropriate, such as when there is a deliberate attempt to avoid service (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., supra*). Where a defendant had notice of the accident and the plaintiff's intent to pursue a claim before his or her change of address, one may infer a deliberate attempt to avoid service (*see Labozzetta v Fabbro, supra* at 645).

In the instant case, Narisi had notice of the accident but apparently had no notice of an intent to pursue a claim when she changed her address. Under the facts of this case, there seems to be no justification for deeming her failure to notify the DMV of her change of address as a deliberate attempt to avoid service. Nevertheless, I conclude that it would be inappropriate to grant her relief pursuant to CPLR 317.

The Vehicle and Traffic Law provides for an integrated system of registration, identification, and insurance of motor vehicles and licensed drivers. Licensed drivers are required to notify the DMV of a change of address within 10 days (*see* Vehicle and Traffic Law § 505 [5]). Further, since motor vehicles are mobile, timely notification of the change of address of a registered owner of a motor vehicle is vital.

Business Corporation Law § 306 is distinguishable. Although corporations are artificial persons which must be registered, there is no comprehensive system for their insurance against liability. Nor does Business Corporation Law § 306 impose a requirement to notify the Secretary of State within a specified time period. A factor to consider in determining whether to vacate the default of a corporation is whether the corporation had notice of the fact that the wrong address was on file with the Secretary of State (*see Hon-Kuen Lo v Gong Park Realty Corp.*, 16 AD3d 553 [2005]; *Grosso v MTO Assoc. Ltd. Partnership*, 12 AD3d 402 [2004]; *Santiago v Sansue Realty Corp.*, 243 AD2d 622 [1997]; *Paul Conte Cadillac v C.A.R.S. Purch. Serv.*, 126 AD2d 621 [1987]).

Further, corporations are generally not mobile. Indeed in certain cases cited in the dissent, the plaintiff was aware of the corporate defendant's actual address (*see Hon-Kuen Lo v Gong*

*Park Realty Corp., supra*; *Grosso v MTO Assoc. Ltd. Partnership, supra*; *Stein v Matarasso & Co.,* 143 AD2d 825 [1988]).

In my view, relief pursuant to CPLR 317 is generally not available to persons who fail to notify the DMV of their change of address pursuant to the Vehicle and Traffic Law. Exceptions may be made under special circumstances, such as when the plaintiff is aware of the defendant's actual address or when the default or the delay in notifying the DMV of a change of address is brief. However, no such circumstances are present here.

Fisher, J. (dissenting and voting to affirm the order dated October 13, 2005). Because I conclude that the Supreme Court properly granted the motion of the defendant Domenica Narisi to vacate the judgment entered against her upon her failure to appear or answer the complaint, I respectfully dissent.

The complaint alleges that on December 22, 1999 the plaintiff was a passenger in a vehicle that collided with a vehicle owned and operated by Narisi. At the time, Narisi lived at an address in Ridgewood. She remained at that address for approximately one year after the accident, until December 12, 2000, when she moved to Staten Island. During that year, the plaintiff took no action with respect to the accident. Approximately two years after Narisi moved and three years after the accident, the plaintiff commenced this action, and effected substituted service upon Narisi pursuant to CPLR 308 (4) at her prior Ridgewood address. Narisi failed to appear or answer the complaint, and, on April 18, 2005, following an inquest, the plaintiff obtained judgment by default against Narisi in the principal sum of $25,000.

On August 31, 2005 Narisi moved to vacate the judgment. In support of the motion, she submitted an affidavit in which she asserted that she had sold her home in Ridgewood and moved to Staten Island some two years before the process server affixed process at the Ridgewood address and that she had never been served with the summons or complaint. As to the case itself, Narisi averred that the vehicle in which the plaintiff was a passenger had "disregarded a stop sign and struck my vehicle."

The plaintiff opposed the motion. He argued that Narisi failed to offer a reasonable excuse for the default, and that she was estopped from challenging the propriety of the service because, at the time process was served, the Ridgewood home was still listed with the Commissioner of the Department of Motor Vehicles (hereinafter the DMV) as Narisi's address, owing to her failure to notify the DMV of her move as required by Vehicle and Traffic Law § 401 (3) (a). The Supreme Court nevertheless granted Narisi's motion and this appeal followed.

I agree that Narisi's failure to notify the DMV of the change

of her address estops her from challenging the propriety of service made at her former home (*see Labozzetta v Fabbro,* 22 AD3d 644 [2005]; *Carrenard v Mass,* 11 AD3d 501 [2004]; *Ortiz v Santiago,* 303 AD2d 1, 6 [2003]; *Burke v Zorba Diner,* 213 AD2d 577 [1995]). As a result, it is clear that Narisi is not entitled to vacatur pursuant to CPLR 5015 (*see Kandov v Gondal,* 11 AD3d 516 [2004]; *Choudhry v Edward,* 300 AD2d 529 [2002]).

That does not mean, however, that Narisi is also estopped from seeking to vacate the judgment pursuant to CPLR 317. That statute provides in pertinent part that "[a] person served with a summons other than by personal delivery . . . who does not appear may be allowed to defend the action within one year after he [or she] obtains knowledge of entry of the judgment, but in no event more than five years after such entry, upon a finding of the court that he [or she] did not personally receive notice of the summons in time to defend and has a meritorious defense." Thus, in order to succeed on a timely motion pursuant to CPLR 317, a defendant need not show that service was improper but only that it was made other than by personal delivery, and that he or she did not actually receive notice of the summons in time to defend the action and has a meritorious defense (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.,* 67 NY2d 138 [1986]; *Calderon v 163 Ocean Tenants Corp.,* 27 AD3d 410 [2006]).

In my view, Narisi made the necessary showing that she was served other than by personal delivery and that she did not personally receive notice of the summons in time to defend. Moreover, the record reveals that she moved to vacate the judgment less than five years after its entry and within one year of learning of it, and she satisfied the court that she had a meritorious defense.

Although I agree that a defendant who deliberately attempts to avoid service ought not to receive the benefit of CPLR 317 (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., supra* at 143; *Paul Conte Cadillac v C.A.R.S. Purch. Serv.,* 126 AD2d 621, 622 [1987]), I respectfully disagree with the majority's conclusion that "Narisi's actions, including, inter alia, her direct involvement in the accident in question coupled with her failure to advise the DMV of her change of address for a prolonged period, should be viewed as a deliberate attempt to avoid notice of the action, under the unique facts of this case."

In my view, a failure to timely notify the DMV of a change of address, standing alone and without additional record evidence permitting the court to draw an inference that a defendant's conduct was other than innocent, should not be equated with a

deliberate attempt to avoid service of process (*see Labozzetta v Fabbro,* 22 AD3d 644, 645-646 [2005] [relief under CPLR 317 held unavailable where the defendant received notice of the accident, and of the plaintiffs' intent to pursue a claim to recover damages for personal injuries, before her unreported change of address]; *cf. O'Garro v Brown,* 288 AD2d 279 [2001]). Indeed, there seems no compelling reason to hold that an individual defendant's failure to update her residential address with the DMV should, without more, be deemed a deliberate attempt to avoid service when a corporate defendant's failure to update its address on file with the Secretary of State, standing alone, is not (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., supra* at 143; *Hon-Kuen Lo v Gong Park Realty Corp.,* 16 AD3d 553 [2005]; *Grosso v MTO Assoc. Ltd. Partnership,* 12 AD3d 402, 403 [2004]; *Raiola v 1944 Holding,* 1 AD3d 296 [2003]; *Samet v Bedford Flushing Holding Corp.,* 299 AD2d 404, 405 [2002]; *Stein v Matarasso & Co.,* 143 AD2d 825, 826 [1988]).

Nor can I agree with the majority's suggestion that Narisi's "direct involvement" in the accident, under the circumstances of this case, placed her on notice that the plaintiff had suffered a serious injury entitling him to seek redress in the courts (*see* Insurance Law § 5104). While Narisi certainly knew that she had been involved in the subject accident, the record is devoid of evidence showing that it resulted in any immediately apparent injury to anyone involved—let alone a "serious injury" within the meaning of Insurance Law § 5102 (d)—such as to permit a further inference that Narisi knew, or should have known, that the plaintiff would, three years later, commence a personal injury action against her. Significantly, Narisi did not change her residence for a year after the accident and there is no proof that, within that year, the plaintiff or his counsel ever contacted her or notified her of his intent to pursue a "serious injury" claim (*cf. Labozzetta v Fabbro, supra* at 645-646).

Accordingly, because I conclude that there was no evidence in the record to suggest that Narisi's failure to notify the DMV of her change of address was anything other than inadvertent, much less a deliberate attempt to avoid service of process, I respectfully dissent and vote to affirm the order vacating the judgment.