DONALD LEVINE et al., Appellants, v FORGOTSON'S CENTRAL AUTO & ELECTRIC, INC., Respondent. [836 NYS2d 427]—

In an action to recover damages for breach of contract and negligence, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Jonas, J.), dated December 5, 2005, which denied their motion pursuant to CPLR 3215 for leave to enter judgment against the defendant upon its default in appearing or answering the complaint, and granted those branches of the defendant's cross motion which were pursuant to CPLR 5015 (a) (1) to vacate its default in appearing or answering the complaint and for leave to serve and file a late answer.

Ordered that the order is reversed, on the law and in the exercise of discretion, the plaintiffs' motion pursuant to CPLR 3215 for leave to enter judgment against the defendant upon its default in appearing or answering the complaint is granted, those branches of the defendant's cross motion which were pursuant to CPLR 5015 (a) (1) to vacate its default in appearing or answering the complaint and for leave to serve a late answer are denied, and the matter is remitted to the Supreme Court, Nassau County, for an inquest on the issue of damages.

The Supreme Court improvidently exercised its discretion in granting those branches of the defendant's cross motion which were pursuant to CPLR 5015 (a) (1) to vacate its default in appearing or answering the complaint and for leave to serve a late answer (*see Sime v Ludhar*, 37 AD3d 817 [2007]). The mere denial by the defendant's president of service of the summons and the complaint was insufficient to rebut the presumption of proper service on the Secretary of State raised by the affidavit of service (*see* Business Corporation Law § 306 [b] [1]; *Carrenard v Mass*, 11 AD3d 501 [2004]). Furthermore, even if we were to consider the facts contained in the affirmation of the defendant's attorney, which were improperly submitted for the first time in reply (*see Jackson-Cutler v Long*, 2 AD3d 590 [2003]), that there was an incorrect address for service of process on file with the Secretary of State, under the circumstances of this case, this would not constitute a reasonable excuse for the defendant's delay in appearing or answering the complaint (*see Franklin v 172 Aububon Corp.*, 32 AD3d 454 [2006]; *Santiago v Sansue Realty Corp.*, 243 AD2d 622, 623 [1997]; *Paul Conte Cadillac v C.A.R.S. Purch. Serv.*, 126 AD2d 621, 622 [1987]).

Moreover, even if the defendant's cross motion were treated as one pursuant to CPLR 317 (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 143 [1986]; *Mann-Tell Realty Corp. v Cappadora Realty Corp.*, 184 AD2d 497, 498 [1992]), the defendant failed to demonstrate that it did not personally receive notice of the summons in time to defend the action (*see General Motors Acceptance Corp. v Grade A Auto Body, Inc.*, 21 AD3d 447 [2005]; *96 Pierrepont v Mauro*, 304 AD2d 631 [2003]; *Waldon v Plotkin*, 303 AD2d 581 [2003]). The defendant did not adequately rebut the presumption that it received notice of the summons pursuant to CPLR 3215 (g) (4) approximately two weeks after service of the summons and the complaint in the regular course of the mail (*see* Business Corporation Law § 306 [b] [2]; *Town House St., LLC v New Fellowship Full Gospel Baptist Church, Inc.*, 29 AD3d 893; *Truscello v Olympia Constr.*, 294 AD2d 350 [2002]; *De La Barrera v Handler*, 290 AD2d 476 [2002]).

In addition, the Supreme Court should have granted the plaintiffs' motion pursuant to CPLR 3215 for leave to enter judgment against the defendant since the plaintiffs submitted proof of service of the summons and the complaint, of the facts constituting the claim, and of the default (*see* 3215 [f]; *599 Ralph Ave. Dev., LLC v 799 Sterling Inc.*, 34 AD3d 726 [2006]; *Lipp v Port Auth. of N.Y. & N.J.*, 34 AD3d 649 [2006]; *Giovanelli v Rivera*, 23 AD3d 616 [2005]). Rivera, J.P., Spolzino, Fisher, Lifson and Dickerson, JJ., concur.