■ Sonia Velasquez et al., Respondents, v Kim A. Gallelli, Appellant, et al., Defendant. [844 NYS2d 361]—

In an action to recover damages for personal injuries, etc., the defendant Kim A. Gallelli appeals from an order of the Supreme Court, Nassau County (Parga, J.), dated March 28, 2007, which denied her motion pursuant to CPLR 317 and 5015 to vacate a judgment of the same court dated July 28, 2006, entered upon her default in appearing and answering, and after an inquest on the issue of damages, which was in favor of the plaintiffs and against her in the principal sum of $51,100.

Ordered that the order is affirmed, with costs.

The complaint alleges that on November 21, 2003 a vehicle owned, maintained, leased, operated, and/or controlled by the defendant Kim A. Galleli (hereinafter the defendant) struck the plaintiff Sonia Velasquez, a pedestrian. The defendant was notified by her insurance carrier that a claim had been made against her by the plaintiffs. Thereafter, in May 2004 the defendant moved to the state of California without notifying the Commissioner of the Department of Motor Vehicles (hereinafter the DMV) of her change of residence. On April 29, 2005 the summons and complaint in this action were served on the defendant by substituted service at her former residence, which was the address on record with the DMV. A judgment was entered against the defendant upon her default in appearing and answering.

In order to prevail on her motion pursuant to CPLR 5015 to vacate her default in answering the complaint, the defendant was required to demonstrate both a reasonable excuse for her default and a meritorious defense (*see Choudhry v Edward*, 300 AD2d 529 [2002]; *Traore v Nelson*, 277 AD2d 443 [2000]; *McCleaver v VanFossen*, 276 AD2d 603, 604 [2000]; *Pumarejo-Garcia v McDonough*, 242 AD2d 374 [1997]). The defendant's attempt to excuse her default by asserting that she had moved to California prior to the commencement of the action was insufficient. Although she was aware that the injured plaintiff was pursuing a claim against her, she admittedly failed to notify the DMV of her change of address, as was statutorily required (*see* Vehicle and Traffic Law § 505 [5]). Under these circumstances, the defendant is estopped from challenging the propriety of service made to the address on file with the DMV and therefore failed to establish a reasonable excuse for her default (*see Labozzetta v Fabbro*, 22 AD3d 644 [2005]; *Kandov v Gondal*, 11 AD3d 516 [2004]; *Choudhry v Edward*, 300 AD2d 529 [2002]; *Traore v Nelson*, 277 AD2d 443 [2000]; *McCleaver v VanFossen*, 276 AD2d 603 [2000]; *Pumarejo-Garcia v McDonough*, 242 AD2d 374 [1997]; *see also Cruz v Narisi*, 32 AD3d 981 [2006]). In light of the defendant's knowledge, before her change of address, of the plaintiffs' intent to pursue a claim, her failure to notify DMV of the change of address is also "viewed as a deliberate attempt to avoid notice of the action" (*Labozzetta v Fabbro*, 22 AD3d at 646), precluding relief under CPLR 317 (*id.; see Cruz v Narisi*, 32 AD3d 981 [2006]; *see also Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 143 [1986]; *O'Garro v Brown*, 288 AD2d 279 [2001]). Accordingly, the Supreme Court providently exercised its discretion in denying the defendant's motion. Schmidt, J.P., Spolzino, Skelos, Lifson and McCarthy, JJ., concur.