■ RUSSELL CANDELA, Appellant, v NATALIE JOHNSON et al., Defendants, and QIAOHUA YANG, Respondent. [852 NYS2d 277]—

In an action to recover damages for personal injuries, the plaintiff appeals, from an order of the Supreme Court, Kings County (Schmidt, J.), dated April 20, 2007, which conditionally granted that branch of the motion of the defendant Qiaohua Yang which was to vacate an order of the same court dated November 3, 2006, granting the plaintiff's motion for leave to enter a default judgment upon that defendant's failure to answer the complaint.

Ordered that the order is reversed, on the law, with costs, that branch of the motion of the defendant Qiaohua Yang which was to vacate the order dated November 3, 2006 is denied, and the order dated November 3, 2006, is reinstated.

In order to prevail on that branch of her motion which was to vacate her default, the defendant Qiaohua Yang (hereinafter Yang) was required to demonstrate both a reasonable excuse for her default and a meritorious defense (*see Hageman v Home Depot U.S.A., Inc.,* 25 AD3d 760 [2006]; *Matter of Zrake v New York City Dept. of Educ.,* 17 AD3d 603 [2005]). Here, Yang's excuse was that the summons and complaint was served at a former address rather than her current address. However, as the record demonstrates that she had failed to notify the Department of Motor Vehicles of her change of residence, as required by Vehicle and Traffic Law § 505 (5), she was estopped from raising a claim of defective service (*see Kandov v Gondal,* 11 AD3d 516 [2004]; *Traore v Nelson,* 277 AD2d 443 [2000]; *McCleaver v VanFossen,* 276 AD2d 603 [2000]; *Pumarejo-Garcia v McDonough,* 242 AD2d 374, 375 [1997]). Moreover, the record shows that Yang was notified by her insurance carrier that she was a defendant in a lawsuit approximately six months prior to making the motion to vacate. Under the circumstances, there was no reasonable excuse to warrant vacating the default. In addition, as the driver of a vehicle which struck a stopped vehicle in the rear without coming forth with a non-negligent explanation for the accident (*see Reed v New York City Tr. Auth.,* 299 AD2d 330 [2002]; *Barberena v Budd Enters.,* 299 AD2d 305 [2002]; *McGregor v Manzo,* 295 AD2d 487 [2002]), Yang failed

to demonstrate the existence of a meritorious defense. Rivera, J.P., Lifson, Ritter and Carni, JJ., concur.