■ SHAFEEK KALAMADEEN, Appellant, v ARVINDERPAL SINGH, Respondent. [882 NYS2d 437]—

In an action to recover damages for personal injuries, the plaintiff appeals, by permission, from an order of the Appellate Term for the Second, Eleventh, and Thirteenth Judicial Districts, dated January 24, 2008, which affirmed an order of the Civil Court of the City of New York, Queens County (Dufficy, J.), dated October 5, 2005, which, after a hearing to determine the validity of service of process, granted the defendant's motion to vacate a default judgment entered against him.

Ordered that the order dated January 24, 2008, is reversed, the order of the Civil Court of the City of New York, Queens County, is vacated, the defendant's motion to vacate the default judgment entered against him is denied, and the judgment in favor of the plaintiff is reinstated.

The plaintiff and the defendant allegedly were involved in an automobile accident on February 26, 2001. The police accident report lists two different addresses for the defendant, one from his driver's license and a different one from his vehicle registration. The plaintiff commenced this action in February 2004, and contends that he served the defendant pursuant to CPLR 308

(4) at the defendant's address then on record at the Department of Motor Vehicles (hereinafter the DMV). This address was different from the two addresses on the police accident report. The defendant did not appear in the action and a judgment was entered against him on August 18, 2004, upon his default.

Upon discovering the judgment against him, the defendant moved to vacate it, contending that at the time service allegedly was made he did not live at the address where process was affixed and mailed, he did not receive process, and that the subject accident was the plaintiff's fault. A hearing to determine the validity of service of process was ordered. At the hearing, the process server admitted that on the fourth occasion that he attempted to personally deliver the summons and complaint to the defendant at the defendant's address then on record with the DMV, he was told by the owner of the premises that the defendant had moved from that address several months earlier. Nevertheless, the process server affixed the summons and complaint to the door at that address and mailed process to that address, purportedly in compliance with CPLR 308 (4). The Civil Court of the City of New York, Queens County, granted the defendant's motion to vacate the default, and the Appellate Term for the Second, Eleventh, and Thirteenth Judicial Districts affirmed, with one Justice dissenting. We granted leave to appeal and now reverse and deny the defendant's motion to vacate the default judgment.

CPLR 308 (4) requires that the summons be affixed to the door of the defendant's "actual place of business, dwelling place or usual place of abode." Although the required subsequent mailing to the defendant's last known residence will suffice for the second element of service under CPLR 308 (4), affixing process to the door of the defendant's last known residence will not be sufficient to meet the first element of the statute (see *Feinstein v Bergner,* 48 NY2d 234 [1979]). The issue here is whether there is sufficient evidence, including the defendant's failure to notify the Commissioner of the DMV of his change of address, as required by Vehicle and Traffic Law § 505 (5), to estop the defendant from obtaining vacatur of the default judgment on the ground that service of process was not made in strict compliance with CPLR 308 (4) (see *Cruz v Narisi,* 32 AD3d 981 [2006]).

To the extent that the defendant's motion to vacate his default was made pursuant to CPLR 5015 (a) (1), based upon excusable default, it should have been denied, as the defendant's change of address is not a reasonable excuse because he failed to comply with Vehicle and Traffic Law § 505 (5) (see *Candela v*

*Johnson,* 48 AD3d 502 [2008]; *Labozzetta v Fabbro,* 22 AD3d 644 [2005]; *Traore v Nelson,* 277 AD2d 443 [2000]). Likewise, to the extent that the motion was made pursuant to CPLR 5015 (a) (4), based on lack of personal jurisdiction, it should have been denied, as the defendant is estopped from challenging the propriety of service due to his failure to comply with Vehicle and Traffic Law § 505 (5) (*see Labozzetta v Fabbro,* 22 AD3d 644 [2005]; *Kandov v Gondal,* 11 AD3d 516 [2004]).

A default judgment may be vacated pursuant to CPLR 317 where the defendant was served by a method other than personal delivery and did not actually receive notice of the summons in time to defend, provided that the defendant has a meritorious defense (*see Thakurdyal v 341 Scholes St., LLC,* 50 AD3d 889 [2008]). However, "denial of relief under CPLR 317 might be appropriate where . . . a defendant's failure to personally receive notice of the summons was a deliberate attempt to avoid such notice" (*Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.,* 67 NY2d 138, 143 [1986]). Here, considering that the defendant supplied the police officer with two different addresses at the time of the officer's investigation, and that there was yet another address on record for the defendant at the DMV, his failure to comply with Vehicle and Traffic Law § 505 (5) raised an inference that the defendant deliberately attempted to avoid notice of the action (*see Cruz v Narisi,* 32 AD3d 981 [2006]). The defendant failed to rebut that inference. Accordingly, the defendant was not entitled to relief under CPLR 317 (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.,* 67 NY2d 138, 143 [1986]; *Paul Conte Cadillac v C.A.R.S. Purch. Serv.,* 126 AD2d 621, 622 [1987]. Skelos, J.P., Angiolillo, Chambers and Lott, JJ., concur.