■ DANILO HIDALGO et al., Appellants, v CRUISER TAXI CORP. et al., Respondents. [957 NYS2d 222]—

That branch of the defendants' renewed motion which was pursuant to CPLR 5015 (a) (1) and (4) to vacate so much of the judgment as was entered against the defendant Cruiser Taxi Corp. (hereinafter Cruiser) upon its default in appearing or answering the complaint should have been denied. In support of its renewed motion, Cruiser failed to demonstrate a reasonable excuse for its default or to come forward with sufficient proof to rebut the affidavit of the plaintiffs' process server, which constituted prima facie evidence of proper service upon it pursuant to CPLR 311 (a) (1) (see Business Corporation Law § 306; Wassertheil v Elburg, LLC, 94 AD3d 753 [2012]; Thas v Dayrich Trading, Inc., 78 AD3d 1163, 1164 [2010]; Commissioners of State Ins. Fund v Nobre, Inc., 29 AD3d 511 [2006]). While an officer of Cruiser claimed that the address on file with the Secretary of State was his old residence address and was not the current business address of Cruiser, he admitted that the address on file had not been updated for a period of seven years and failed to submit any documentary evidence to support his claim that he did not reside at the address on file at the time that Cruiser was served (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 143 [1986]; Fatima v Twenty Seven-Twenty Four Realty Corp., 53 AD3d 564 [2008]; J & S Constr. of NY, Inc. v 321 Bowery LLC, 39 AD3d 391 [2007]; Franklin v 172 Aububon Corp., 32 AD3d 454 [2006]; Santiago v Sansue Realty Corp., 243 AD2d 622, 623 [1997]).

Moreover, Cruiser failed to demonstrate that it did not personally receive notice of the summons in time to defend the action, as required to obtain relief from a default judgment pursuant to CPLR 317 (*see Taieb v Hilton Hotels Corp.*, 60 NY2d 725 [1983]; *393 Lefferts Partners, LLC v New York Ave. at Lefferts, LLC*, 68 AD3d 976, 977 [2009]; *Franklin v 172 Aububon Corp.*, 32 AD3d 454 [2006]; *Brockington v Brookfield Dev. Corp.*, 308 AD2d 498 [2003]). The papers submitted in support of its renewed motion amounted to nothing more than a mere denial of notice of this action prior to entry of the default judgment and were insufficient to establish lack of actual notice for the purpose of CPLR 317 (*see Wassertheil v Elburg, LLC*, 94 AD3d at 754; *Matter of Rockland Bakery, Inc. v B.M. Baking Co., Inc.*, 83 AD3d 1080, 1081-1082 [2011]; *Levine v Forgotson's Cent. Auto & Elec., Inc.*, 41 AD3d 552 [2007]).

Likewise, that branch of the defendants' renewed motion which was pursuant to CPLR 5015 (a) (1) and (4) to vacate so much of the judgment as was entered against the defendant Md A.H. Rary upon his default in appearing or answering the complaint should have been denied. Rary was served pursuant to CPLR 308 (2) at the address which was on file with the Commissioner of the Department of Motor Vehicles (hereinafter the DMV). Since the record demonstrates that Rary had failed to notify the DMV of his change of residence, as required by Vehicle and Traffic Law § 505 (5), he was estopped from raising a claim of defective service (*see Kalamadeen v Singh*, 63 AD3d 1007, 1009 [2009]; *Candela v Johnson*, 48 AD3d 502, 503 [2008]; *Kandov v Gondal*, 11 AD3d 516 [2004]). Furthermore, Rary failed to submit any documentary evidence to support his claim that he did not reside at the address on file with the DMV at the time that he was served. Accordingly, under the circumstances, there was no reasonable excuse to warrant vacatur pursuant to CPLR 5015 (a) (1) (*see Candela v Johnson*, 48 AD3d at 503).

In addition, that branch of the defendants' renewed motion which was to vacate the default judgment against Rary pursuant to CPLR 317 also should have been denied. Under the circumstances of this case, Rary's actions, including his direct involvement in the subject accident and his admitted failure to advise the DMV of his change of address for a period of five years, should be viewed as a deliberate attempt to avoid notice of the action (*see Velasquez v Gallelli*, 44 AD3d 934, 935 [2007]; *Cruz v Narisi*, 32 AD3d 981 [2006]; *Labozzetta v Fabbro*, 22 AD3d 644, 645-646 [2005]). Angiolillo, J.P., Balkin, Austin and Miller, JJ., concur.