■ WILFREDO ROSARIO CANELAS, Appellant, v NELSON FLORES, Respondent, et al., Defendant. [977 NYS2d 362]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Spodek, J.), dated July 10, 2012, which, after a hearing to determine the validity of service of process, granted the motion of the defendant Nelson Flores to vacate a judgment of the same court entered February 14, 2008, entered upon that defendant's failure to appear or answer, and, thereupon, to dismiss the complaint insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Nelson Flores to vacate the judgment and, thereupon, to dismiss the complaint insofar as asserted against him is denied.

When a defendant seeking to vacate a default judgment raises a jurisdictional objection pursuant to CPLR 5015 (a) (4), the court is required to resolve the jurisdictional question before determining whether it is appropriate to grant a discretionary vacatur of the default under CPLR 5015 (a) (1) (*see Emigrant Mtge. Co., Inc. v Westervelt*, 105 AD3d 896, 897 [2013]; *Roberts v Anka*, 45 AD3d 752 [2007]).

While the respondent's sworn denial of service may have been sufficient to rebut the plaintiff's prima facie showing that the respondent was properly served pursuant to CPLR 308 (2) (*see U.S. Bank, N.A. v Arias*, 85 AD3d 1014, 1016 [2011]; *Emigrant Mtge. Co., Inc. v Westervelt*, 105 AD3d at 897; *US Natl. Bank Assn. v Melton*, 90 AD3d 742, 743 [2011]), the issue of whether the respondent was estopped from challenging the propriety of service due to his failure to notify the Commissioner of the

Department of Motor Vehicles (hereinafter the DMV) of his purported change of address, as required by Vehicle and Traffic Law § 505 (5), should have been decided first even if service had been improper (*see Kalamadeen v Singh*, 63 AD3d 1007, 1008 [2009]). The plaintiff's submissions in opposition to the respondent's motion to vacate the default judgment established, prima facie, that the address where the respondent was served was the same address that was listed on the police accident report and with the DMV at the time of service (*see Hidalgo v Cruiser Taxi Corp.*, 101 AD3d 950, 951 [2012]; *Candela v Johnson*, 48 AD3d 502, 503 [2008]; *Kandov v Gondal*, 11 AD3d 516 [2004]). In reply, the respondent failed to rebut this showing. Since the respondent failed to notify the DMV of his change of residence, as required by Vehicle and Traffic Law § 505 (5), he was estopped from raising a claim of defective service (*see Labozzetta v Fabbro*, 22 AD3d 644, 645 [2005]; *Ortiz v Santiago*, 303 AD2d 1 [2003]; *Burke v Zorba Diner*, 213 AD2d 577 [1995]). Accordingly, that branch of the respondent's motion which was pursuant to CPLR 5015 (a) (4), based on lack of personal jurisdiction, should have been denied. Likewise, the respondent was not entitled to relief pursuant to CPLR 5015 (a) (1), based upon excusable default; the respondent's purported change of residence is not a reasonable excuse, because he failed to comply with Vehicle and Traffic Law § 505 (5) (*see Kalamadeen v Singh*, 63 AD3d at 1008; *Candela v Johnson*, 48 AD3d at 503; *Labozzetta v Fabbro*, 22 AD3d at 645).

Moreover, the respondent was not entitled to relief pursuant to CPLR 317, since his failure to receive notice of the summons was a deliberate attempt to avoid such notice (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 143 [1986]). The respondent's direct involvement in the subject accident and his failure to notify the DMV of his change of address in compliance with Vehicle and Traffic Law § 505 (5) raised an inference that the respondent deliberately attempted to avoid notice of the action (*see Hidalgo v Cruiser Taxi Corp.*, 101 AD3d at 951; *Kalamadeen v Singh*, 63 AD3d at 1008; *Cruz v Narisi*, 32 AD3d 981 [2006]). The respondent failed to rebut this inference.

Accordingly, the Supreme Court should have denied the respondent's motion to vacate the judgment and, thereupon, to dismiss the complaint insofar as asserted against him. Dillon, J.P., Leventhal, Chambers and Miller, JJ., concur.