Mighty v Deshommes (2019 NY Slip Op 08996)





Mighty v Deshommes


2019 NY Slip Op 08996


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON, JJ.


2017-07598 
2017-10966
2018-07639
 (Index No. 510633/14)

[*1]Gary Mighty, respondent, 
v
John R. Deshommes, et al., defendants, Wayne K. Ewing, appellant.


Morris Duffy Alonso & Faley, New York, NY (Iryna S. Krauchanka and Andrea M. Alonso of counsel), for appellant.
Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn, Susan M. Jaffe, and Christen Giannaros], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Wayne K. Ewing appeals from (1) an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated June 16, 2017, (2) an order of the same court dated September 15, 2017, and (3) an order of the same court dated May 4, 2018. The order dated June 16, 2017, denied the motion of the defendant Wayne K. Ewing pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him and granted the plaintiff's cross motion pursuant to CPLR 306-b for an extension of time to serve the summons and complaint upon him. The order dated September 15, 2017, insofar as appealed from, upon reargument, adhered to the prior determination in the order dated June 16, 2017. The order dated May 4, 2018, denied the second motion of the defendant Wayne K. Ewing pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him and granted the plaintiff's cross motion pursuant to CPLR 306-b for a second extension of time to serve the summons and complaint upon the defendant Wayne K. Ewing.
ORDERED that the appeal from the order dated June 16, 2017, is dismissed, as that order was superseded by the order dated September 15, 2017, made upon reargument; and it is further,
ORDERED that the order dated September 15, 2017, is affirmed insofar as appealed from; and it is further,
ORDERED that the order dated May 4, 2018, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On November 20, 2011, the plaintiff was a passenger in a vehicle owned and operated by the defendant Wayne K. Ewing when that vehicle collided with a vehicle owned and operated by the other defendants, allegedly causing the plaintiff to sustain personal injuries. The plaintiff commenced this action on November 12, 2014. The police accident report gave Ewing's address as being on Strauss Street in Brooklyn (hereinafter the Strauss Street address). An affidavit of [*2]service indicated that Ewing was served at that address by delivering the summons and complaint to an individual of suitable age and discretion on November 24, 2014, and by mailing a copy to the same address (see CPLR 308[2]). On December 4, 2014, a process server also attempted to serve Ewing at a second address located on Atlantic Avenue in Brooklyn (hereinafter the Atlantic Avenue address), but the building was vacant and there was no one present to accept service. By answer dated April 27, 2015, Ewing answered the complaint and raised lack of personal jurisdiction as an affirmative defense.
By notice of motion dated June 26, 2015, Ewing moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him, inter alia, on the ground of lack of personal jurisdiction. In his supporting affidavit, Ewing stated that while he had given the police the Strauss Street address at the time of the accident, he was only staying there temporarily, and that he moved to the Atlantic Avenue address after the accident. Ewing averred, in effect, that he was never served with the summons and complaint at the Atlantic Avenue address. In August 2015, the plaintiff opposed Ewing's motion and cross-moved for an extension of time to serve Ewing. After a hearing to determine the validity of service of process, in an order dated June 16, 2017, the Supreme Court, in the interest of justice, denied Ewing's motion to dismiss and granted the plaintiff's cross motion for an extension of time to serve Ewing. The plaintiff's time to serve Ewing was extended 30 days to July 17, 2017. On July 6, 2017, Ewing moved for leave to reargue. In an order dated September 15, 2017, the court, upon reargument, adhered to the prior determination.
On June 27, 2017, a process server attempted to serve Ewing at the Atlantic Avenue address, which was the address Ewing had on file with the New York State Department of Motor Vehicles (hereinafter the DMV). However, the process server was unable to effect service because Ewing was not there and the building was being demolished. The plaintiff then conducted a search and found a Georgia address, where Ewing also admittedly resided for a period of time following the accident. After unsuccessfully attempting personal service at the Georgia address, the plaintiff served Ewing by "affix and mail" service on July 6, 2017. In August 2017, Ewing made a second motion to dismiss for lack of jurisdiction. The plaintiff cross-moved pursuant to CPLR 306-b for a second extension of time to serve Ewing. In an order dated May 4, 2018, the Supreme Court, in the interest of justice, denied Ewing's motion and granted the plaintiff's cross motion. Ewing appeals.
In determining whether to grant an extension of time to serve a summons and complaint in the interest of justice, " the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the [potentially] meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant'" (Furze v Stapen, 161 AD3d 827, 828, quoting Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105-106; see HSBC Bank USA, N.A. v Oqlah, 163 AD3d 928, 929-930; Bumpus v New York City Tr. Auth., 66 AD3d 26, 32).
The Supreme Court providently exercised its discretion in denying Ewing's first motion to dismiss the complaint and granting the plaintiff's cross motion for an extension of time to serve Ewing. The complaint demonstrated a potentially meritorious cause of action, the action was timely commenced, and the plaintiff exercised diligence in attempting to effect proper service on Ewing within the 120-day period (see CPLR 306-b; Estate of Fernandez v Wyckoff Hgts. Med. Ctr., 162 AD3d 742, 744; Furze v Stapen, 161 AD3d at 828; Gabbar v Flatlands Commons, LLC, 150 AD3d 1084, 1084-1085; Thompson v City of New York, 89 AD3d 1011, 1012). Additionally, the statute of limitations had expired by the time the plaintiff made the cross motion, the plaintiff promptly cross-moved for an extension of time to serve Ewing, and there was no prejudice to Ewing attributable to the delay in service (see Chan v Zoubarev, 157 AD3d 851, 852; Singh v Trahan, 153 AD3d 961, 961; Castillo v JFK Medport, Inc., 116 AD3d 899, 900; Thompson v City of New York, 89 AD3d at 1012).
The Supreme Court also providently exercised its discretion in denying Ewing's second motion to dismiss the complaint and granting the plaintiff's cross motion for a second extension of the time to serve Ewing (see Emigrant Bank v Estate of Robinson, 144 AD3d 1084, [*3]1086; Dhuler v ELRAC, Inc., 118 AD3d 937, 939; Estey-Dorsa v Chavez, 27 AD3d 277, 278). Ewing maintains that he should have been served at an address which differed from the Strauss Street address listed on the police report, as well as the Atlantic Avenue address and the Georgia address. However, a search of the DMV records conducted on June 23, 2017, more than six weeks after the traverse hearing, reflected that the Atlantic Avenue address, where the plaintiff had attempted to effectuate service, was the current documented address for Ewing. Since the record demonstrates that Ewing failed to notify the DMV of his change of residence, as required by Vehicle and Traffic Law § 505(5), he was estopped from raising a claim of defective service (see Canelas v Flores, 112 AD3d 871, 872; Hidalgo v Cruiser Taxi Corp., 101 AD3d 950, 951; Kalamadeen v Singh, 63 AD3d 1007, 1009; Walker v Reyes, 59 AD3d 436, 437; Kandov v Gondal, 11 AD3d 516; Sherrill v Pettiford, 172 AD2d 512, 513).
Furthermore, we note that "the more flexible interest of justice' standard accommodates late service that might be due to mistake, confusion, or oversight, so long as there is no prejudice to the defendant" (Estate of Fernandez v Wyckoff Hgts. Med. Ctr., 162 AD3d at 744, quoting Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105). Here, the plaintiff demonstrated that there was no demonstrable prejudice to Ewing, particularly in light of evidence that he had actual notice of the action (see Matthews v Barrau, 150 AD3d 836, 839; DiBuono v Abbey, LLC, 71 AD3d 720). Indeed, the record indicates that Ewing served an answer to the complaint in April 2015, shortly after the expiration of the 120-day period for service (see Dhuler v ELRAC, Inc., 118 AD3d at 939). Accordingly, under the circumstances of this case, we agree with the Supreme Court's determination, in effect, that the plaintiff was entitled to a second extension of time under the interest of justice standard.
Ewing's remaining contentions are without merit.
MASTRO, J.P., AUSTIN, ROMAN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court